769 So.2d 1158 (2000)
STATE of Louisiana
v.
Fernando GUZMAN.
State of Louisiana
v.
Jerry Lynn Stiles.
Nos. 99-K-1753, 99-KK-1528.
Supreme Court of Louisiana.
May 16, 2000.
*1159 Richard P. Ieyoub, Attorney General, Paul Carmouche, District Attorney, Edward M. Brossette, Asst. Dist. Atty., for applicant in No. 1999-KK-1528.
Howard Lynwood Lawrence, Jr., for respondent in No. 1999-KK-1528.
John Michael Lawrence, for applicant in No. 1999-KK-1753.
Richard P. Ieyoub, Attorney General, James M. Bullers, District Attorney, for respondent in No. 1999-KK-1753.
VICTORY, J.[*]
We granted and consolidated these writ applications to consider the effect of a trial court's failure to comply with certain requirements for taking a guilty plea found in Louisiana Code of Criminal Procedure article 556.1. After reviewing the records and the applicable law, we find that the failure to inform a defendant of the mandatory minimum sentence provided by law and of the penalties for subsequent offenses is subject to the harmless error rule. In State v. Guzman, we find that the error was harmless and reverse the court of appeal's ruling. In State v. Stiles, because defendant Stiles did not raise this error as an assignment of error in the court of appeal, we find that the court of appeal erred in considering this issue in its error patent review. However, we affirm the court of appeal's ruling affirming Stiles' convictions and sentences.

FACTS AND PROCEDURAL HISTORY
On August 6, 1998, Fernando J. Guzman was charged with Operating a Motor Vehicle While Intoxicated Second Offense (DWI), based on a prior October 30, 1997 *1160 DWI conviction. Guzman filed a Motion to Quash the prior guilty plea, claiming that he "was not properly informed of his constitutional rights" during his prior guilty plea. The trial court denied the motion, but the court of appeal reversed, holding that the trial court failed to comply with La.C.Cr.P. art. 556.1(A) and (E), which require that the defendant must be advised of certain enumerated rights before the court may accept his guilty plea. State v. Guzman, 32439-KW (La.App. 2 Cir. 4/1/99). The court of appeal denied rehearing, rejecting the State's argument that La.C.Cr.P. art. 556.1 did not apply to misdemeanor offenses. State v. Guzman, 32439-KW (La.App. 2 Cir. 4/22/99). We granted the State's writ primarily to determine whether the trial court's failure to advise defendant Guzman of the mandatory minimum sentence for first offense DWI and the penalties for subsequent offenses, as required by La.C.Cr.P. art. 556.1(A) and (E), require that defendant Guzman's motion to quash be granted. State v. Guzman, 99-KK-1528 (La.12/17/99), 751 So.2d 865.
In the consolidated case, defendant Jerry Lynn Stiles was charged with two counts of aggravated incest with his minor daughter, in violation of La. R.S. 14:78.1. On March 2, 1998, defendant Stiles pled guilty. In exchange for defendant's guilty pleas to two counts of aggravated incest, the State agreed to discontinue any further investigation into whether any of the incidents of sexual intercourse occurred before his daughter was 12 years of age, which would have exposed him to a charge of aggravated rape, a capital offense. See La. R.S. 14:42(D)(2)(a). After ordering a pre-sentence investigation, the trial judge sentenced Stiles to the maximum sentence of two consecutive terms of 20 years imprisonment at hard labor, and denied his eligibility for diminution of sentence for good behavior under La. R.S. 15:537. Defendant Stiles appealed this sentence as excessive. In a 2-1 decision, the appellate court affirmed defendant's convictions and sentences, but noted, as error patent, the trial court's failure to comply with the provisions of La.C.Cr.P. art. 556.1 when it failed to inform defendant of the mandatory minimum penalty for aggravated incest, which is five years imprisonment at hard labor. State v. Stiles, 31,854-KA (La.App. 2 Cir. 2/24/99), 733 So.2d 612. However, the majority deemed the error harmless because the defendant received the maximum term of imprisonment and because the defendant did not assert and the record did not reveal that the plea was entered unknowingly or involuntarily. Id. at p. 2, 733 So.2d at 613. In addition, the majority found that the sentence imposed was not excessive. One judge dissented, finding that the requirements of 556.1 are mandatory and that the district court's failure to advise the defendant of the mandatory minimum sentence was not harmless. Id. (Peatross, J, dissenting).
In response, defendant Stiles moved for rehearing and for the first time complained about the trial court's failure to advise him of the mandatory minimum penalty. A three-two majority of the Second Circuit granted rehearing en banc and a divided court affirmed defendant's convictions and sentences. State v. Stiles, 31,854-KA (La.App. 2 Cir. 5/27/99), 733 So.2d 612 (on rehearing). We granted defendant's writ to consider whether the failure of the trial court to advise him of the mandatory minimum sentence for aggravated incest is subject to error patent review and, if so, whether this error requires that his sentences be vacated. State v. Stiles, 99-K-1753 (La.12/17/99), 751 So.2d 865.

DISCUSSION
In 1997, the legislature enacted La. C.Cr.P. art. 556.1, which provides:
Art. 556.1. Plea of guilty or nolo contendere in a criminal case; duty of court
A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and *1161 informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
(2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if financially unable to employ counsel, one will be appointed to represent him.
(3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.
(4) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.
B. In any criminal case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement, and that all constitutional and legal rights are knowingly and intelligently waived.
C. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the district attorney and the defendant or his attorney. If a plea agreement has been reached by the parties, the court, on the record, shall require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered.
D. A verbatim record shall be made of the proceedings at which the defendant enters a plea of guilty or nolo contendere.
E. In any case where a subsequent offense carries an enhanced penalty, the court shall inform the defendant of the penalties for subsequent offenses.
La.C.Cr.P. art. 556.1 (emphasis added).
In each of the consolidated cases, the trial judges failed to inform the defendants of the applicable mandatory minimum sentences as required by La.C.Cr.P. art. 556.1(A)(1), and, in State v. Guzman, the trial judge failed to inform the defendant of the penalties for subsequent DWI offenses, as required by La.C.Cr.P. art. 556.1(E). However, before reaching the prime issue in this case, which is whether such failures are subject to the harmless error rule, we reach two other issues unique to each case.

Applicability of La.C.Cr.P. art. 556.1 to misdemeanor cases
In State v. Guzman, despite the "in any criminal case" language in La.C.Cr.P. art. 556.1, the State argues that the code article does not apply to misdemeanors, such as a first offense DWI. The State points to revisions made by the Louisiana State Law Institute which changed the title of the article from "Plea of guilty in felony case; duty of court" to "Plea of guilty or nolo contendere in a criminal case; duty of court." See La.C.Cr.P. art. 556.1, Historical and Statutory Notes. The State contends that by modifying the code article's title, the Law Institute impermissibly altered the sense, meaning or effect of the act of the legislature in violation of La. R.S. 24:252. In addition, the State notes that in section (A)(3) of the code article, the court is directed to inform the defendant that he has the right to be tried by a jury, a right not generally available in "misdemeanor" cases.
Notwithstanding the State's arguments concerning the changes made to the code article's title, La.C.Cr.P. art. 10 provides *1162 that "[t]he heading of the articles of this Code, and the source notes and comments thereunder do not constitute parts of the law." With this as the backdrop and considering the "in any criminal case" language, the court of appeal correctly determined that La.C.Cr.P. art. 556.1 is applicable to misdemeanors as well as felonies.[1]

Availability of error patent review of La.C.Cr.P. art. 556.1 violations
In State v. Stiles, defendant Stiles appealed his conviction and sentence assigning as error only that his sentence was excessive. The Second Circuit noted as part of its error patent review that the trial court failed to comply with La.C.Cr.P. art. 556.1, but that the error was harmless. The dissenting judge, on original hearing, expressed his view that the error was reversible. It was only on application for rehearing that the defendant argued that the trial judge's failure to advise him of the minimum sentence for aggravated incest constituted reversible error.
Article 920 of the Code of Criminal Procedure provides that "the following matters and no others shall be considered on appeal: (1) An error designated in the assignment of errors; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." La. C.Cr.P. art. 920. We find that an error in the plea colloquy required by La.C.Cr.P. art. 556.1 is not an error "that is discoverable by a mere inspection of the pleadings and proceedings." Thus, whether a trial court complied with La.C.Cr.P. art. 556.1 is not subject to error patent review but must instead be designated as an assignment of error by the defendant on appeal. See State v. Campbell, 404 So.2d 1205, 1208 (La.1981). In so holding, we now overrule our previous decision in State v. Godejohn, 425 So.2d 750, 751 (La.1983) (followed in State v. Browning, 483 So.2d 1008 (La.1986)), wherein this Court held a review of the plea colloquy for errors is subject to error patent review.[2] Accordingly, because deficiencies in the plea colloquy required by La.C.Cr.P. art 556.1 are not subject to error patent review, the court of appeal erred in considering this issue in its error patent review and we will not consider this issue as it applies to defendant Stiles. Defendant Stiles' remedy is now by application for post-conviction relief which must be addressed to the district court for the parish in which he was convicted.[3]

Applicability of the harmless error test to La.C.Cr.P. art. 556.1 violations
La.C.Cr.P. art. 556.1 was modeled after Rule 11 of the Federal Rules of Criminal Procedure. Rule 11 requires the district court, before accepting a guilty plea, to address the defendant in open court and inform him of, and determine that he understands, among other things, "the nature of the charge to which the plea is offered, the mandatory minimum penalty provided *1163 by law, if any, and the maximum possible penalty provided by law...." Fed. R.Crim.P. 11(c)(1). In 1983, Section (h) was added to Rule 11 to provide that "any variance from the procedures required
by this rule which does not affect substantial rights shall be disregarded." Fed. R.Crim.P. 11(h). The Advisory Notes to Rule 11 make clear that the addition of subsection (h) in 1983 was not intended to "be read as supporting extreme or speculative harmless error claims or, as, in effect, nullifying important Rule 11 safeguards." The Note continues:
There would not be harmless error under division (h) where, for example ... there had been absolutely no inquiry by the judge into defendant's understanding of the nature of the charge and the harmless error claim of the government rests upon nothing more than the assertion that it may be "assumed" defendant possessed such understanding merely because he expressed a desire to plead guilty.
The Comments following La.C.Cr.P. art. 556.1 state that the article "clarifies the court's duty when accepting a plea of nolo contendere or a plea of guilty in a criminal case and incorporates the essence of F.R.Cr.P. 11." In addition, La.C.Cr.P. art. 556.1 conforms to this Court's Jackson-Boykin "three right articulation" rule.[4] La.C.Cr.P. art. 556.1, Official Comments (a). However, La.C.Cr.P. art. 556.1 does not contain its own harmless error provision. Thus, Guzman argues, any violation of La.C.Cr.P. art. 556.1 is necessarily reversible error. We disagree for the following reasons.
First, unlike requirements (1)-(4) contained in La.C.Cr.P. art. 556.1(A)[5] which the judge is directed to give prior to accepting a guilty plea, section (E) simply states that "[i]n any case where a subsequent offense carries an enhanced penalty, the court shall inform the defendant of the penalties for subsequent offenses." Therefore, advice regarding the penalties for subsequent offenses is not even required to be given before the plea is taken. Thus, in addition to the reasons stated below, under the plain language of La. C.Cr.P. art. 556.1, clearly the failure of a trial judge to advise the defendant of the penalties for subsequent offenses under La.C.Cr.P. art. 556.1(E) is not reversible error.
Second, Louisiana's Code of Criminal Procedure contains its own harmless error provision. Article 921 provides that "[a] judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused." La.C.Cr.P. art. 921. "This article sets forth the basic concept of appellate review and is the primary legislative mandate governing appeals." La. C.Cr.P. art. 921, Official Revision Comment (a). The Comments also provide that courts have complied with the spirit and intent of the law in applying La. C.Cr.P. art. 921 and its source provision, former La. R.S. 15:557, in that "[w]hen the trial irregularity obviously had no significant bearing upon the outcome, the supreme court has refused to reverse on a *1164 technicality." La.C.Cr.P. art. 921, Official Revision Comment (c).
There is no reason to find that the legislature did not intend for this article to apply to the trial judge's failure to inform defendant Guzman of the mandatory minimum sentences or the enhanced penalties for subsequent offenses. This Court has never extended the core Boykin constitutional requirements to include advice with respect to sentencing. State v. Nuccio, 454 So.2d 93, 104 (La.1984) (holding that the scope of Boykin has not been expanded to include advising the defendant of the possible consequences of his actions or that his conviction may be used as a basis for the filing of a future multiple offender bill). In fact, this Court has recently specifically held that such advice is not part of this Court's core Boykin constitutional requirements. State v. Anderson, 98-2977 (La.3/19/99), 732 So.2d 517. In State v. Anderson, the appellate court vacated the defendant's sentence for third offense DWI because in taking the defendant's prior plea to second offense DWI, the trial judge failed to inform the defendant of the sentencing range for that offense. State v. Anderson, 30,901 (La.App. 2 Cir. 10/29/98), 720 So.2d 355. This Court reversed, and reinstated the defendant's conviction and sentence for third offense DWI holding as follows:
The transcript of defendant's January, 1995 guilty plea colloquy accompanying his conviction for first offense DWI shows minimal but adequate compliance with this Court's decision in State v. Jones, 404 So.2d 1192 (La.1981). The defendant was represented by counsel and nothing in the contemporaneous records of the guilty plea undercuts the presumption that counsel explained the nature of the charge in sufficient detail that the defendant had notice of what his plea asked him to admit. Henderson v. Morgan, 426 U.S. 637, 644-46, 96 S.Ct. 2253, 2257, 49 L.Ed.2d 108 (1976). Advice with respect to the defendant's sentencing exposure may facilitate the taking of a voluntary guilty plea, see State ex rel. LaFleur v. Donnelly, 416 So.2d 82, 84 (La.1982); La.C.Cr.P. art. 556.1(A)(1) (1997 La. Acts 1061), but it has never formed part of this Court's core Boykin requirements for the entry of a presumptively valid guilty plea in any case. See State v. Nuccio, 454 So.2d 93, 104 (La.1984); State v. Baum, 95-0384 (La.App. 3 Cir. 10/4/95), 663 So.2d 285, 288, writ denied, 95-2685 (La.2/9/96), 667 So.2d 528.
State v. Anderson, supra at 517 (emphasis added). Thus, violations of La.C.Cr.P. art. 556.1 which do not rise to the level of Boykin violations are not exempt from the broad scope of La.C.Cr.P. art. 921.
Third, the comments to La.C.Cr.P. art. 556.1, which was not enacted until 1997, well after the 1983 amendment adding the harmless error rule to Federal Rule 11, instruct us that the article "incorporates the essence of F.R.Cr.P. 11." La.C.Cr.P. 556.1, Comment (a). Thus, we look to the federal jurisprudence interpreting Rule 11 as guidance in interpreting our own Article 556.1.
The United States Fifth Circuit, which previously had held that any total failure of a trial court to address a Rule 11 "core"[6] concern mandated that the plea be set aside, has recently instituted a "straight-forward approach of universal *1165 application of Rule 11(h) harmless error analysis to review all complaints of Rule 11 violation in which ... an error was made." United States v. Johnson, 1 F.3d 296, 301-302, and 303 n. 32 (5th Cir.1993) (en banc) (expressly overruling United States v. Martirosian, 967 F.2d 1036 (5th Cir.1992) to the extent that Martirosian distinguished between Rule 11 core and noncore concerns as a basis for applying a rule of automatic reversal). The court then set forth the following harmless error test:
To determine whether a Rule 11 error is harmless (i.e., whether the error affects substantial rights), we focus on whether the defendant's knowledge and comprehension of the full and correct information would have been likely to [affect his] willingness to plead guilty. Stated another way, we "examine the facts and circumstances of the ... case to see if the district court's flawed compliance with ... Rule 11 ... may reasonably be viewed as having been a material factor affecting [defendant]'s decision to plead guilty."
Johnson, supra at 302 (citing United States v. Bachynsky, supra at 1360). As in the consolidated cases sub judice, in Johnson, the district court failed to advise the defendant of the mandatory minimum statutory penalty of one year, but the Fifth Circuit held that such error was harmless given that the defendant had accepted a plea bargain and agreed to plead guilty knowing that the plea was certain to produce a sentence of not less than 21 years. Id. at 303. The court emphasized, however, that the determination of harmless error was a fact sensitive inquiry and that what might be harmless error in one case may not be in another case.[7]Id. at 303, n. 31.
Other federal circuits follow a similar approach in applying a harmless error analysis to Rule 11 violations. See United States v. Gigot, 147 F.3d 1193, 1197-98 (10th Cir.1998) (adopting Johnson); United States v. Richardson, 121 F.3d 1051, 1058-59 (7th Cir.1997) (holding that a harmless error analysis focuses on "whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty") (internal quotation marks and citation omitted); United States v. McCarthy, 97 F.3d 1562, 1575 (8th Cir.1996) (adopting Seventh Circuit approach); United States v. Goins, 51 F.3d 400, 402 (4th Cir.1995) (adopting Fifth and Seventh Circuit approaches); United States v. Dewalt, 92 F.3d 1209, 1214 (D.C.Cir.1996) (holding that "a district court's failure to comply with Rule 11(c)(1) is harmless if the record reveals either that the defendant had actual notice of the information that the district judge failed to convey or that the information would not have been important to the defendant.")
We adopt the harmless error test enunciated in Johnson in this case involving *1166 violations of La.C.Cr.P. art. 556.1(A)(1) and (E). This holding should resolve the conflict among the circuits, notably in cases involving violations of La.C.Cr.P. art. 556.1(A)(1). See e.g., State v. King, 98-446 (La.App. 3 Cir. 10/7/98), 720 So.2d 103; State v. Longnon, 98-551 (La.App. 3 Cir. 10/28/98), 720 So.2d 825; State v. Coco, supra; State v. Stamp, 98-193 (La.App. 5 Cir. 7/28/98), 718 So.2d 531 (all holding that violations of La.C.Cr.P. art. 556.1(A)(1) are subject to harmless error analysis). But see e.g., State v. Clay, 30,770 (La.App. 2 Cir. 5/13/98), 714 So.2d 123 (failure to advise of mandatory minimum sentence is reversible error unless there is an affirmative showing that defendant had been made aware of it); State v. Reynolds, 98-170 (La.App. 5 Cir. 7/28/98), 716 So.2d 485 (failure to comply with La. C.Cr.P. art. 556.1(A)(1) is reversible error unless the record shows that the defendant was aware of the nature of the crime or the sentencing exposure from another source), ruling vacated, 98-2281 (La.4/16/99), 733 So.2d 1191(issue not reached and court of appeal ruling vacated because defendant decided that he wished to retain the benefits of his plea agreement); State v. Chisley, 98-169 (La.App. 5 Cir. 7/28/98), 718 So.2d 537 (following Reynolds).
In the Guzman case, the transcript from the plea proceeding indicates that Guzman was represented by counsel, advised of his three Boykin rights, informed of the nature of the offense of which he was charged and that the maximum penalty for the offense was 6 months in jail, a $500 fine or both, represented that he had not been forced, threatened or coerced in any way to render his guilty plea, and understood the nature of the proceedings. The trial judge accepted his guilty plea, finding that there was a factual basis for it. Guzman was then sentenced to a fine of $500 or 50 days in jail, plus a 120 day suspended sentence, fines, DWI School, and community service. Absent from the transcript is any mention by the judge of the mandatory minimum sentence for first offense DWI, or that the conviction could be used to enhance the penalty for subsequent offenses. Guzman argues that he would not have pled guilty had he been informed of the mandatory minimum sentence for first offense DWI and that the conviction could be used to enhance the penalty for subsequent offenses. Just as we rejected that argument in Anderson, we reject it here. It is unreasonable to believe that had Guzman known that the minimum sentence to which he would be exposed was 10 days in jail, which could be and was suspended, that he would not have pled guilty. Further, Guzman was actually only sentenced to a $500 fine or 50 days in jail, with an additional 120 day sentence which was suspended. Thus, Guzman received no mandatory jail time. Likewise, in the absence of any particularized basis for this argument, we do not accept the contention that had Guzman known that a subsequent offense carried a more severe penalty than a first offense DWI, he would not have pled guilty to the first offense DWI. Such knowledge may have, and should have, affected his decision to drive while intoxicated a second time, but it clearly would not have been a material factor in his decision to plead guilty to the first offense. Further, as stated above, the trial judge was not even required by La.C.Cr.P. art. 556.1(E) to advise Guzman of the penalties for subsequent offenses prior to accepting his guilty plea. Accordingly, we find that any error in the 556.1 colloquy was harmless as to defendant Guzman.[8]

*1167 Excessive Sentence

Defendant Stiles complains that the 40-year sentence the trial court imposed is excessive, pointing out his remorse for his actions and the absence of a previous criminal history as mitigation. Although we did not grant defendant Stiles' writ to address the length of his sentence, because we did not limit the writ grant to the issues presented regarding La.C.Cr.P. art. 556.1, we will nevertheless briefly address this assignment of error.
A sentence which falls within the statutory limits may be excessive under certain circumstances. State v. Brown, 94-1290 (La.1/17/95), 648 So.2d 872, 877. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and therefore, is nothing more than the needless imposition of pain and suffering. Id. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion. State v. Cann, 471 So.2d 701, 703 (La.1985). Given the egregiousness of the offense, the vulnerability of the victim, and the benefits defendant received under his favorable plea bargain, we hold that the defendant failed to demonstrate that the trial judge abused his discretion by imposing consecutive, maximum terms totaling 40 years at hard labor.

CONCLUSION
The requirements of La.C.Cr.P. art. 556.1 apply to misdemeanor, as well as felony, cases. A failure of a trial court to advise a defendant of the mandatory minimum sentence provided by law, as required by La.C.Cr.P. art. 556.1(A)(1), or of the penalties for subsequent offenses, as required by La.C.Cr.P. art. 556.1(E), is not subject to error patent review, but if raised as an assignment of error on appeal, is subject to the harmless error rule. The court of appeal erred in considering the trial court's failure to comply with La. C.Cr.P. art. 556.1 in the Stiles case because defendant Stiles did not assign it as error in the court of appeal. In Guzman case, the error was harmless. Further, we find that defendant Stiles' sentences were not excessive.

DECREE
For the reasons stated herein, in State v. Guzman, we reverse the judgment of the court of appeal granting defendant's motion to quash, reinstate the judgment of the trial court denying defendant's motion to quash, and remand the case to the trial court for further proceedings. In State v. Stiles, we affirm the judgment of the court of appeal affirming defendant's convictions and sentences.
STATE OF LOUISIANA V. GUZMAN, NO. 99-KK-1528:
REVERSED AND REMANDED.
STATE OF LOUISIANA V. STILES, NO. 99-K-1753:
AFFIRMED.
CALOGERO, C.J., concurs in part, dissents in part, and assigns reasons.
LEMMON, J., concurs and will assign reasons.
KIMBALL, J., concurs in part and dissents in part for reasons assigned by CALOGERO, C.J.
CALOGERO, C.J., concurring in part and dissenting in part.
I am in agreement with the disposition of defendant Stiles's case and the court's determination that the trial court's failure to comply with La.C.Cr.P. art. 556.1 is not subject to error patent review. I dissent, however, from the majority's denial of defendant *1168 Guzman's motion to quash the bill of information charging him with second offense DWI.
Guzman moved to quash the bill of information because the State charged him with second offense DWI. The prior conviction resulted from Guzman's having pled guilty to first offense DWI in 1997. However, Guzman now asserts that he would not have pled guilty then if he had been informed that the resulting conviction could be used, as the State now attempts to do, to enhance the penalty for subsequent offenses.[1]
I disagree with the majority's conclusion that "[knowledge as to subsequent penalty enhancement] clearly would not have been a material factor in [Guzman's] decision to plead guilty to the first offense." Slip op. at 1166. While not necessarily true in every case, I find it total conjecture and speculation in Guzman's case to conclude that he would have pled guilty to first offense DWI, even if he had known about possible penalty enhancement for subsequent offenses. In fact, his very contention in seeking to quash the bill of information charging him as a second offender is that he would not have pled guilty had he known about the potential for subsequent penalty enhancement. Therefore, I cannot agree that the trial court's failure to comply with 556.1, when Guzman pled guilty to the first offense, was harmless error.
Furthermore, I disagree with the majority's assertion that 556.1 E does not necessarily require the trial court to inform defendant of possible penalty enhancement prior to accepting a plea of guilty. Slip op. at 1163. Admittedly, the legislature should have been more careful when drafting 556.1 E so as to expressly state, as was done with the other sections of 556.1, that the trial court comply with 556.1 E before accepting a guilty plea. However, the majority's construction, of what was most likely a drafters' oversight, ignores the obvious purpose of article 556.1. Article 556.1 was enacted to ensure that guilty pleas are made with full knowledge and understanding of the consequences that follow. In order to enter a guilty plea with full knowledge and understanding of its consequences, defendant naturally must be informed of such before entering the plea. Informing defendant about the possibility of penalty enhancement after he pleads guilty does not serve the purpose of the statute.
NOTES
[*] Johnson, J., not on panel. Rule IV, Part 2, § 3.
[1] Cf. State v. Jones, 404 So.2d 1192, 1196 (La.1981) (holding that "whenever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant" of his Boykin rights).
[2] Louisiana's courts of appeal have likewise held that deficiencies in the plea colloquy under La.C.Cr.P. art. 556.1 are subject to error patent review. See, e.g., State v. Johnson, 32,912 (La.App. 2 Cir. 1/26/00), 750 So.2d 471;State v. Coco, 98-855 (La.App. 3 Cir. 12/9/98), 723 So.2d 513; State v. Lecoq, 98-286 (La.App. 5 Cir. 8/25/98), 717 So.2d 1249.
[3] We note that treating this as an error patent review produces undesirable consequences. For example, this Court has recently encountered cases in which an intermediate court reversed a conviction, arising from a plea bargain, based on an error that the defendant deliberately chose not to raise because the defendant was satisfied with the plea bargain. See State v. Reynolds, 98-2281 (La.4/16/99), 733 So.2d 1191; State v. Chisley, 98-2282 (La.11/17/99).
[4] In State ex rel. Jackson v. Henderson, 255 So.2d 85, 260 La. 90 (1971), this Court adopted the federal constitutional standards set out in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which require that in taking a plea of guilty, an express and knowing waiver of three federal constitutional rights must be made, which waiver cannot be presumed. These three Jackson-Boykin rights are (1) the privilege against compulsory self-incrimination; (2) the right to trial by jury; and (3) the right to confront one's accusers. Boykin, supra, 395 U.S. at 243, 89 S.Ct. 1709; Jackson, supra at 89. These rights are codified at La.C.Cr.P. art. 556.1 A(3).
[5] La.C.Cr.P. art. 556.1(A) requires that "in any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following," which include subsections (1)-(4).
[6] The Fifth Circuit had identified three "core" concerns: (1) whether the guilty plea was coerced; (2) whether the defendant understands the nature of the charges; and (3) whether the defendant understands the consequences of his plea. Johnson, supra at 299 (citing United States v. Bachynsky, 934 F.2d 1349, 1354 (5th Cir.), cert. denied, 502 U.S. 951, 112 S.Ct. 402, 116 L.Ed.2d 351 (1991); United States v. Bernal, 861 F.2d 434, 436 (5th Cir.1988), cert. denied, 493 U.S. 872, 110 S.Ct. 203, 107 L.Ed.2d 156 (1989); United States v. Dayton, 604 F.2d 931, 939 (5th Cir. 1979) (en banc), cert. denied, 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980)). A finding that a district court wholly or entirely failed to address one of the core requirements of Rule 11 was reversible error under the Fifth Circuit's jurisprudence before Johnson.
[7] The fact sensitivity of this inquiry is exemplified by the Fifth Circuits's subsequent decision in United States v. Watch, in which the defendant was mistakenly informed at his plea hearing that the mandatory minimum sentence for possession with the intent to distribute "crack" cocaine was between zero and twenty years, when in fact the mandatory minimum sentence was 10 years if the amount of cocaine base involved was found at sentencing to exceed fifty grams. 7 F.3d 422 (5th Cir.1993). In addressing this error, the court applied the new test adopted in Johnson as follows: "when an appellant claims that a district court has failed to comply with Rule 11, we shall conduct a straightforward, two-question "harmless" analysis: (1) Did the sentencing court in fact vary from the procedures required by Rule 11, and (2) if so, did such variance affect substantial rights of the defendant. Id. at 428-429 (citing Johnson, supra at 298). The court found that the defendant mistakenly believed that because the state failed to allege a specific quantity of cocaine, he was subject to a penalty range which included no minimum term of imprisonment. Id. at 428. In applying the test adopted by Johnson, the court found that "because the district court failed to inform Watch of the minimum sentence which might be imposed, Watch did not fully understand the consequences of his plea, and his rights were therefore substantially affected." Id. at 429. See also United States v. Still, 102 F.3d 118 (5th Cir.1996) (following Watch).
[8] In a case somewhat analogous to the Guzman case, the federal Fifth Circuit has held that the failure of a district court to advise a defendant of the maximum penalty to which he was subject after application of enhancement provisions, for committing the offense while on supervised release for another crime, constituted harmless error. United States v. Pierce, 5 F.3d 791 (5th Cir.1993). The error was found to be harmless in part because the defendant was actually sentenced to less time than he was mistakenly informed was the maximum sentence (defendant was sentenced to 6 years, informed that the maximum sentence was 18 years, the maximum sentence after enhancement was actually 28 years).
[1] Guzman also took issue with the trial court's failure to inform him of the mandatory minimum penalty pursuant to 556.1 A(1).