BROWN, Chief Judge.
12Pefendant, David Lee Kessler, was convicted of armed robbery pursuant to a plea bargain and sentenced to 40 years imprisonment at hard labor without benefits. Defendant has appealed. We affirm.

Facts and procedural background

On July 28, 2009, defendant entered the parking garage at Boomtown Casino in Bossier Parish, Louisiana, approached the vehicle of Holly Lim, reached into her window, held a six-inch knife to her throat and demanded her purse. Once Ms. Lim handed over her purse to defendant, he fled. The robbery was captured on video surveillance, and defendant was apprehended by the Bossier City Police. At that time, defendant confessed.
On November 20, 2009, defendant was charged by bill of information with armed robbery in violation of La. R.S. 14:64. He pled guilty to the charge on January 12, 2010. The court ordered a pre-sentence investigation, and sentencing was set for March 16, 2010.
Is At the sentencing hearing, the court reviewed the PSI which contained a statement from the victim and outlined defendant’s criminal history. Defendant is a second felony offender with a previous conviction for attempted armed robbery in 2005. Furthermore, while defendant was out on bond on the instant charge, he was arrested for felony theft.
The court reviewed and considered the guidelines set forth in La.C.Cr.P. art. 894.1. The court observed that it was likely that defendant would commit another crime if given any type of probated sentence, noting that defendant had done just that while out on bond. The court also pointed out that it was not defendant’s first time to commit a crime against a person in which he threatened the physical safety or life of the victim. The court, finding that any lesser penalty would deprecate the seriousness of the offense, imposed a 40-year at hard labor term without benefits. Defendant filed a motion to reconsider sentence, alleging that his “sentence was excessive due to his drugged state at the time of the instant charge.” On March 23, 2010, the court denied the motion to reconsider.

Discussion

According to defendant, the trial court erred in denying his motion to reconsider sentence in that it failed to give adequate consideration to his age Land his “drugged state” at the time of the offense. In light of these factors, defendant argues that his 40-year sentence is excessive.
A trial court has broad discretion to sentence within the statutory limits. State v. Guzman, 99-1528, 99-1753 (La.05/16/00), 769 So.2d 1158; State v. Dunn, 30,767 (La.App.2d Cir.05/24/98), 715 So.2d 641. Absent a showing of manifest abuse of that discretion, the appellate court may not set aside a sentence as excessive. State v. Guzman, supra.
Defendant’s possible sentencing exposure for this offense was 10 to 99 years at hard labor without the benefit of parole, probation, or suspension of sentence. La. *1028 R.S. 14:64(B). The court, specifically taking cognizance of defendant’s age, imposed a sentence of less than half the possible maximum for this second felony offender. The court noted defendant’s criminal history and the fact that the offense of conviction was a crime of violence.
This 40-year sentence is neither grossly disproportionate to the severity of the offense of armed robbery nor shocking to the sense of justice. State v. Weaver, 01-0467 (La.01/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.01/24/07), 948 So.2d 379. Furthermore, defendant entered his guilty plea without offering any evidence of his alleged “drugged state” at the time of the offense. The plea eliminates an intoxication defense and defendant’s |4addiction to drugs would not significantly mitigate his sentence under the facts of this case. We find no error in the trial court’s denial of defendant’s motion to reconsider sentence.

Conclusion

Defendant’s conviction and sentence are AFFIRMED.