MOORE, J.
| iJacob A. Hamm pled guilty as charged to one count of second degree battery and received a sentence of four years at hard labor, the first 32 months to be served without suspension, with an order to make restitution of $11,662 to the victim and to serve five years’ supervised probation. He now appeals his sentence as excessive; we affirm.
In May 2010, the 22-year-old Hamm drove to a high school graduation party at Gabe White’s house in Sterlington. Around 12:15 a.m., Hamm went up to a small group of people standing in the front yard. One of the people, 19-year-old Thomas Hoag, was talking to someone on his cell phone. Hoag did not know Hamm. Without any provocation or warning, Hamm raised his fist and pounded Hoag in the left eye, knocking him unconscious. The impact was strong enough to break Hoag’s nose, crush his cheekbone, chip one of his teeth and give him a concussion. Hamm left immediately after delivering the sucker punch. Gabe White and several other party attendees told investigators that Hamm, who was extremely drunk, was upset that Hoag was talking to his (Hamm’s) girlfriend on the phone; however, Hoag’s phone record showed that he neither called nor received a call from Hamm’s girlfriend.
Some of Hoag’s friends carried him home and then to St. Francis North, where he remained two days for emergency treatment of nasal and left maxillary sinus fractures. He later underwent two surgeries, one to reconstruct his cheekbone and the second to remove the packing from the first. He lost his TOPS scholarship because he missed too many classes. Hoag’s father testified that between the lost TOPS money, lost wages and | ^uncovered medical expenses, the family was out $11,662.74.
The party’s host, Gabe White, gave deputies the names of several party guests; all eight of these confirmed that Hoag did nothing to provoke Hamm. Some actually saw Hamm pommel Hoag’s face; the rest saw the aftermath, Hoag crumpled on the ground and Hamm screaming at him. Hamm initially denied striking Hoag, or even being present at the party, but deputies arrested him on the strength of the eyewitness reports.
The state charged Hamm by bill of information with second degree battery, La. R.S. 14:34.1, and he initially pled not *1182 guilty. In January 2012, however, he agreed to withdraw his plea and plead guilty as charged, with the understanding that he would be sentenced pursuant to his presentence investigation report (“PSI”), victim input and corrective actions. Hamm stated on the record, “I was very stupid for doing it.”
At the sentence hearing in June 2012, the court found that Hamm had attended three anger management classes and, according to a letter from Tina Wallace, Hamm’s youth pastor, he was volunteering at the Salvation Army soup kitchen. Ms. Wallace recommended that Hamm be sentenced to continue his volunteer work and anger management classes. Tracy Futch, the mother of Hamm’s current girlfriend, testified that Hamm was living in their house and she considered him to be honest about his past and a well-mannered young man trying to learn from his mistakes. The court also received victim impact testimony from Robert Hoag, the victim’s father, recounting the physical, financial and emotional damages; as noted above, he calculated the family’s financial loss at $11,662.74. Finally, Bobbie UHoag, the victim’s mother, emphasized that the incident had been a “horrible event” for the whole family, and that the residual effects of the crime will be with her son all his life.
The court outlined Hamm’s social history: he had been raised by an abusive stepfather (who used to punish Hamm by making him kneel on rice), left home at age 17 to escape the stepfather’s abuse, maintained a 2.5 GPA in high school, never experimented with drugs, was steadily employed and was providing sole financial support for his baby daughter. The court also cited Hamm’s admission of guilt and willingness to make restitution. However, Hamm had two prior incidents of a similar nature. At age 18, he got drunk and punched a teenage girl in the face; a charge of simple battery, later reduced to cruelty to a juvenile, was dropped at the victim’s request. At age 20, he got drunk and picked a fight with a 15-year-old, punching him in the face and leaving him unconscious; when the victim came to, Hamm climbed on him and continued to punch. He was charged with second degree battery and pled guilty to simple battery in August 2011, over a year after the instant offense. The court found in Hamm’s criminal history a lack of respect for society and the law.
As noted, the court sentenced Hamm to 48 months at hard labor with all but the first 32 months suspended; after his release from jail, to make restitution of $11,662.74 within 2½ years and serve five years’ supervised probation; to pay court costs or serve 30 days in default; to take anger management classes while in jail; and to use no alcohol or controlled dangerous substances while on suspension or probation. The court also' |4stated that it would reduce the probation to four years if Hamm performed his conditions well.
Hamm filed a motion to reconsider sentence, citing the economic hardship that his jail time would impose on his daughter, for whom he provides sole support; his criminal record, with only one misdemean- or conviction and one dropped charge; and his sincere remorse and acceptance of responsibility. The court denied the motion but reiterated that it would closely consider reducing the probation period if Hamm made full restitution and substantially complied with all conditions.
Hamm now appeals, urging by one assignment of error that the court erred in denying his motion to reconsider sentence and in imposing an excessive sentence. He contends that the sentence is punitive, as the goals of punishment and rehabilitation could be served with a lesser *1183 sentence; his sparse criminal history undermines the finding that a suspended sentence or probation would create an undue risk of another crime; his willingness to make restitution showed that he was more cognizant of the gravity of his conduct than the court acknowledged; and the applicable aggravating factors were significantly outweighed by the mitigating factors of C. Cr. P. art. 894.1 B. Finally, he cites several second degree battery cases resulting in sentences of one to three years for youthful first-time offenders who landed one punch on their victims.
The state responds that the court adequately considered the facts of the offense and the defendant’s history in the PSI, and fully complied with La. C. Cr. P. art. 894.1. In light of the violent nature of this offense and 1 sHamm’s proclivity for committing similar offenses, the four-year sentence is neither grossly disproportionate to the crime nor does it shock the sense of justice.
Appellate review of sentences for exces-siveness is a two-pronged inquiry. First, the record must show that the sentencing court complied with La. C. Cr. P. art. 894.1. The court need not list every aggravating or mitigating factor so long as the record reflects that it adequately considered the guidelines. State v. Marshall, 94-0461 (La.9/5/95), 660 So.2d 819; State v. Linnear, 44,830 (La.App. 2 Cir. 12/9/09), 26 So.3d 303. No sentencing factor is accorded greater weight by statute than any other sentencing factor. State v. Taves, 2003-0518 (La.12/3/03), 861 So.2d 144; State v. Linnear, supra.
The transcript shows that the court conducted a thorough 894.1 analysis, giving due consideration to the mitigating factors of Hamm’s abusive upbringing, his good work history and support of his daughter, and his obvious contrition for the offense. As aggravating factors, the court found that his prior criminal incidents all involved “alcohol, fighting and punching,” the instant offense occurred only 10 months after the incident in which he later pled guilty to simple battery, and Hoag’s injuries were truly devastating. On this record, we find the court adequately complied with Art. 894.1 and did not abuse its discretion in assigning weight to the mitigating and aggravating factors.
The second prong is review for constitutional excessiveness. A sentence violates La. Const. Art. I, § 20, if it is grossly out of proportion to Rthe seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Lobato, 603 So.2d 739 (La.1992). A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158. The sentencing court has wide discretion in imposing a sentence within statutory limits, and such a sentence will not be set aside as excessive in the absence of manifest abuse of that discretion. State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7.
Convicted of second degree battery, Hamm faced a fíne of not more than $2,000, a term of not more than five years, without or without hard labor, or both. La. R.S. 14:34.1 C. Restitution of actual pecuniary loss is authorized as a part of this or any sentence. La. C. Cr. P. art. 883.2 A. The sentence of four years is obviously near the statutory maximum, although the unsuspended portion of 32 months is only slightly over the midrange of 30 months. The court remarked that Hamm’s prior experiences in jail had been *1184 limited to one day before bonding out, and they obviously failed to make a sufficient impression. The court did not abuse its discretion in finding that a significant amount of correctional time was now needed. The court also did not abuse its discretion in finding Hamm’s proclivity to get drunk and punch someone in the face, a course that needs to be reversed. Finally, the court assigned reasonable weight to the extent and complexity |7of the injury Hamm inflicted on Hoag, which is fully supported by the medical records, photographs and his parents’ testimony. On this record, the sentence does not shock the sense of justice or fail to make any reasonable contribution to acceptable penal goals. This assigned error lacks merit.
We have reviewed this entire record and find nothing we consider to be error patent. La. C. Cr. P. art. 920(2). For the reasons expressed, the conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.