BROWN, Chief Judge.
11 Pursuant to an agreement, defendant, Clyde Gibson, pled guilty to one count of forgery. He was subsequently sentenced to eight years at hard labor. Defendant has appealed, urging that his sentence is excessive. We affirm.

Facts

On February 28, 2013, defendant was charged by bill of information with three counts of forgery, in violation of La. R.S. 14:72. On June 10, 2013, pursuant to an agreement, defendant pled guilty to one count of forgery. As part of the plea agreement, the state agreed to dismiss the remaining two counts of forgery and agreed not to file a habitual offender bill of information. The trial court informed defendant of his constitutional rights pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and defendant stated that he understood and wished to waive his rights. The prosecutor recited the following factual basis in support of Gibson’s guilty plea:
[0]n or about the 21st day of June of [2012] [defendant] committed the crime of forgery by forging with intent to defraud a signature on any part of writing purporting to have legal efficacy, contrary to La. R.S. 14:72, if we were to [go to] trial evidence would be presented to a jury that would show that the law enforcement authorities received a complaint from an individual and that she had suspected that this person had taken some of her checks from her house and had cashed them. Upon being apprehended the law enforcement people advised him of his rights and confronted him with the charges that had been made against him and that the — he admitted and advised that it was wrong for him to have done what he did but he did it because he was on drugs. And the thing that he is referring to that it was wrong for him to do and that he did because he was on drugs was to negotiate checks on this individual where he forged her name to the checks in order to get cash. Do we have a restitution amount involved? We do have. I have now found Umy file and the total amount of the checks that we have was $1,114.04.
*282 Defendant admitted that these facts were correct and the trial court accepted his plea and ordered a pre-sentence investigation report.
The sentencing hearing was conducted on August 16, 2013. The trial court stated that it had reviewed the facts of this case and the pre-sentence investigation report, including defendant’s criminal, personal and social history. The court noted that defendant has not performed well in prior instances with probation or parole and therefore would not be a good candidate for supervision. Also, the court stated that this offense was committed upon an elderly citizen and it felt that a lesser sentence would deprecate the seriousness of this crime. Considering the above, the trial court sentenced defendant to eight years at hard labor. The court further recommended defendant for substance abuse treatment and ordered him to pay restitution to the victim in the amount of $1,114.04.
On August 30, 2013, the defense filed a motion to reconsider sentence, arguing that defendant’s sentence was excessive, punitive, and will not achieve any goals of rehabilitation. The trial court denied the motion on September 6, 2013, without a hearing. This appeal followed.

Discussion

Defendant contends that his sentence of eight years at hard labor for this non-violent offense is excessive and serves no purpose other than needless imposition of pain and suffering. Defense counsel notes that defendant was 37 years old at the time of sentencing, he is married and has two children, and he has admitted that he has a problem with | smethamphetamine, which allegedly caused him to commit the instant offense. According to defense counsel, defendant’s sentence fails to provide him with the opportunity to be rehabilitated and re-enter society as a productive member, while being punished in a reasonable manner for his non-violent crime.
In response, the state contends that defendant’s sentence is not excessive considering his history of criminal activity and the facts of this case. The state asserts that defendant received a considerable benefit from the plea agreement and reduced sentence exposure, as he was originally charged with two additional counts of forgery and the state agreed not to enhance his sentence with a habitual offender bill.
La. R.S. 14:72(D) provides that a person convicted of forgery shall be fined not more than $5,000, or imprisoned, with or without hard labor, for not more than ten years, or both.
A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.01/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir.01/24/07), 948 So.2d 379.
A trial court has broad discretion to sentence within the statutory limits. State v. Dunn, 30,767 (La.App.2d Cir.06/24/98), 715 So.2d 641; State v. Guzman, 99-1528, 99-1753 (La.05/16/00), 769 So.2d 1158. Absent a showing of manifest abuse of that discretion, the appellate court may not set aside a sentence as excessive. State v. Guzman, supra.
Where a defendant has pled guilty to an offense which does not adequately *283 describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Germany, 43,-239 (La.App.2d Cir.04/30/08), 981 So.2d 792; State v. Black, 28,100 (La.App.2d Cir.02/28/96), 669 So.2d 667, writ denied, 96-0836 (La.09/20/96), 679 So.2d 430.
The trial court did not abuse its discretion by sentencing defendant to eight years at hard labor. Prior to sentencing defendant, the trial court adequately considered the facts of this case, the information in the PSI report, and the factors set forth in La. C. Cr. P. art. 894.1. Defendant took advantage of this elderly victim by stealing checks totaling over $1,000 from her purse, which he then forged in order to get cash. The court considered defendant’s history of substance abuse, which he claims caused him to commit this crime. Further, the court reviewed defendant’s criminal history, which includes convictions for attempted simple burglary, DWI, and attempted aggravated escape, as well as an arrest for domestic battery. The court noted that defendant is a third-felony offender and has responded poorly to probation in the past. Moreover, defendant substantially benefitted from the plea agreement and reduced sentence exposure as he | ¡¡was initially charged with two additional counts of forgery and the state agreed not to charge him as a third-felony habitual offender.
Considering defendant’s criminal history and the benefit he received from the plea agreement, we find that the sentence imposed by the trial court does not shock the sense of justice, nor is it disproportionate to the severity of the offense. Accordingly, this assignment of error is without merit.

Conclusion

Defendant’s conviction and sentence are affirmed.