## NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2020 KA 0994

## STATE OF LOUISIANA

## VERSUS

## KYLE RUSS, JR.

**Judgment Rendered:** JUN 0 4 2021

\* \* \* \* \* \*

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 01-14-0566

Honorable Bonnie P. Jackson, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Hillar C. Moore, III<br>District Attorney<br>Christopher J.M. Casler<br>Assistant District Attorney<br>Baton Rouge, LA | Counsel for Appellee<br>State of Louisiana |
| Holli Herrle-Castillo<br>Louisiana Appellate Project<br>Marrero, LA | Counsel for Defendant/Appellant<br>Kyle Russ, Jr. |

\* \* \* \* \* \*

**BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.**

**McCLENDON, J.**

Defendant, Kyle Russ, Jr., was charged by bill of indictment with second degree murder, a violation of La. R.S. 14:30.1 (count one), and two counts of armed robbery with a firearm, violations of La. R.S. 14:64.3 (counts two and three). He pled not guilty. Later, count one was severed from counts two and three. After a trial by jury had commenced on count one, defendant withdrew his plea of not guilty and pled guilty to one count of manslaughter. The State dismissed the remaining counts. The trial court imposed an agreed-upon sentence of thirty-seven years imprisonment at hard labor. Defendant appealed.

Contending that there are no non-frivolous issues to argue on appeal, defense counsel filed a brief on behalf of defendant raising no assignments of error and requesting review for error under La. Code Crim. P. art. 920(2). Defense counsel also filed a motion to withdraw as counsel of record. For the following reasons, we affirm the conviction and sentence and grant defense counsel's motion to withdraw.

## STATEMENT OF FACTS[1]

On or about October 18, 2013, defendant walked up to victim Elijah Stevenson and shot him multiple times. Following the shooting, defendant reached over, grabbed a gun from the victim, and left the scene. During the subsequent police investigation, defendant was developed as a suspect. A search warrant was executed at a location where defendant was found, and the handgun believed to have been taken from Stevenson was recovered. Stevenson's DNA was found on the recovered handgun, and defendant's DNA was found on shell casings at the scene of Stevenson's killing.

## ANDERS BRIEF

Defense counsel has filed a brief containing no assignments of error and a motion to withdraw. Referring to the procedures outlined in **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **State v.**

---

[1] The facts are taken from the factual basis presented by the State at defendant's **Boykin** examination. See **Boykin v. Alabama**, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). Defendant did not dispute or disagree with the factual basis presented.

2

*Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), defense counsel indicated that after a conscientious and thorough review of the record, she could find no non-frivolous issues to raise on appeal. In the motion to withdraw, defense counsel states that she notified defendant of the filing of the motion and advised defendant of his right to file a pro se brief. Defendant has not filed a pro se brief with this court. The State concurs with defense counsel's conclusions.

The procedure outlined in **Anders** was discussed in **State v. Benjamin**, 573 So.2d 528, 529-31 (La.App. 4 Cir. 1990), sanctioned by the Louisiana Supreme Court in **State v. Mouton**, 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam), and expanded by the Louisiana Supreme Court in **Jyles**, 704 So.2d at 242. According to **Anders**, 386 U.S. at 744, 87 S.Ct. at 1400, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." To comply with **Jyles**, appellate counsel must review not only the procedural history of the case and the evidence presented at trial, but must also provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." **Jyles**, 704 So.2d at 242 (quoting **Mouton**, 653 So.2d at 1177). When conducting a review for compliance with **Anders**, an appellate court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. **Anders**, 386 U.S. at 744, 87 S.Ct. at 1400; **State v. Wallace**, 2015-0218 (La.App. 1 Cir. 9/18/15), 2015 WL 5516186, at *1.

Herein, defense counsel has complied with all the requirements necessary to file an **Anders** brief. Defense counsel reviewed the procedural history of the case, including the pretrial rulings and trial proceedings. She sets forth that after a conscientious and thorough review of the record, she has found no non-frivolous issues to present on appeal and no ruling of the trial court that arguably supports an appeal. Accordingly, she moves to withdraw.

After an independent review of the entire record in this matter, we have found no reversible errors under LSA-C.Cr.P. art. 920(2). Furthermore, we have found no non-frivolous issues or trial court rulings that would arguably support this

3

appeal. Additionally, since defendant pled guilty, our review of the guilty plea colloquy is limited by **State v. Collins**, 2014-1461 (La. 2/27/15), 159 So.3d 1040 (per curiam) and **State v. Guzman**, 99-1753 (La. 5/16/00), 769 So.2d 1158, 1162. Accordingly, defendant's conviction and sentence are affirmed. Defense counsel's motion to withdraw, which has been held in abeyance pending the disposition of this matter, is hereby granted.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.**