STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 KA 0120

STATE OF LOUISIANA

VERSUS

CEDRIC EMERSON

Judgment Rendered: __SEP 1 5 2023__

* * * * *

Appealed from the
23rd Judicial District Court
Parish of Ascension, State of Louisiana
No. 38,852

The Honorable Cody M. Martin, Judge Presiding

* * * * *

Ricky L. Babin                              Attorneys for the State of Louisiana
*District Attorney*
Donald D. Candell
Lindsey Manda
*Assistant District Attorneys*
Gonzales, Louisiana


Prentice L. White                           Attorney for Defendant/Appellant,
Baton Rouge, Louisiana                      Cedric Emerson


* * * * *

BEFORE:  WELCH, HOLDRIDGE, AND WOLFE, JJ.

**WOLFE, J.**

The defendant, Cedric Emerson, was charged by grand jury indictment with second degree murder, a violation of La. R.S. 14:30.1. In exchange for the State's agreement not to file a multiple offender bill of information, the defendant pled guilty under **North Carolina v. Alford**, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to the amended charge of manslaughter, a violation of La. R.S. 14:31(A)(2). The trial court sentenced the defendant to forty years imprisonment at hard labor. The defendant now appeals. We affirm the defendant's conviction and sentence, and grant the defendant's appellate counsel's motion to withdraw.

## FACTS

The defendant agreed to the following statement of facts, which the trial court read into the record during the **Boykin**[1] colloquy:

> On or about March 11, 2018, in the Parish of Ascension, Cedric Emerson committed the offense of Manslaughter when the life of Frederick Patterson was taken. This offense was completed at 15083 Braud Road in Prairieville, Louisiana at approximately 7:30 to 7:40 on 3-11-2018. Cedric Emerson walked away from a chess game he and another were playing and returned with a shotgun. The evidence would suggest per the gunpowder residue test that Mr. Emerson shot the gun. This shot severed Mr. Patterson's spinal cord. This act caused Mr. Patterson's death and was witnessed.

## DISCUSSION

Appellate counsel for the defendant filed a brief containing no assignments of error and requests that this court grant his motion to withdraw as counsel of record. In compliance with the procedures outlined in **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), **State v. Jyles**, 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), and **State v. Benjamin**, 573 So.2d 528 (La. App. 4th Cir. 1990), appellate counsel indicated that after a conscientious and thorough review of the record, he could find no non-frivolous issues to raise on appeal, and could find

---

[1] See **Boykin v. Alabama**, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

no ruling of the trial court that arguably supports the appeal. Appellate counsel has certified that the defendant was served with a copy of both the **Anders** brief and the motion to withdraw as attorney of record. The defendant did not file a timely *pro se* brief with this court.

After reviewing the appellate record, including the pleadings, minute entries, indictment, and transcripts in the appeal record, we find that it supports the defendant's appellate counsel's assertion that there are no non-frivolous issues to raise on appeal. The defendant pled guilty without reserving the right to seek appellate review of any rulings.[2] A guilty plea is a conviction and, therefore, should be afforded a great measure of finality. **State v. Faciane**, 2022-0569 (La. App. 1st Cir. 11/4/22), 2022 WL 16707793, *2 (unpublished), writ denied, 2022-01762 (La. 3/14/23), 357 So.3d 825. A guilty plea entered without a reservation of the right to appeal waives all non-jurisdictional defects in the proceedings prior to the plea and precludes review thereof either by appeal or by post-conviction remedy. See **State v. Clues-Alexander**, 2021-00831 (La. 5/13/22), 345 So.3d 983, 987 (*per curiam*), cert. denied, 143 S.Ct. 461, 214 L.Ed.2d 262 (2022). Thus, appellate review is confined to the question of whether the guilty plea was constitutionally infirm. See **Id., Faciane**, 2022 WL 16707793 at *2; see also **State v. Collins**, 2014-1461 (La. 2/27/15), 159 So.3d 1040 (*per curiam*); **State v. Guzman**, 99-1528 (La. 5/16/00), 769 So.2d 1158, 1162; **State v. Prestenbach**, 2021-528 (La. App. 5th Cir. 11/24/21), 347 So.3d 1087, 1091. Our review of the record reveals no constitutional infirmities or irregularities in the defendant's guilty plea that would render it invalid.

---

[2] The defendant pled guilty under **Alford**, which allows an individual accused of a crime to voluntarily, knowingly, and understandably consent to the imposition of a prison sentence even if he is unwilling to admit his participation in the acts constituting the crime. **State v. Spikes**, 2017-0087 (La. App. 1st Cir. 9/15/17), 228 So.3d 201, 206 n.3. The defendant did not preserve any issue for appeal pursuant to **State v. Crosby**, 338 So.2d 584 (La. 1976), which allows a defendant to plead guilty while expressly reserving the right to seek appellate review of an error the defendant believes made useless any continued trial of their defense. See **State v. Clues-Alexander**, 2021-00831 (La. 5/13/22), 345 So.3d 983, 987 (*per curiam*), cert. denied, 143 S.Ct. 461, 214 L.Ed.2d 262 (2022).

This court routinely reviews the record for patent error under La. Code Crim. P. art. 920(2), whether or not such a request is made by a defendant or defense counsel. Under La. Code Crim. P. art. 920(2), we are limited in our review to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. See **State v. Price**, 2005-2514 (La. App. 1st Cir. 12/28/06), 952 So.2d 112, 123 (*en banc*), writ denied, 2007-0130 (La. 2/22/08), 976 So.2d 1277. After a careful review of the record in these proceedings, we have found no reversible patent errors.

Our independent review reveals no non-frivolous issues which arguably support this appeal. Accordingly, the defendant's conviction and sentence are affirmed. The defendant's appellate counsel's motion to withdraw is hereby granted.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.**