774 So.2d 993 (2000)
STATE of Louisiana
v.
Michael ECHOLS.
No. 99-KA-2226.
Court of Appeal of Louisiana, Fourth Circuit.
October 4, 2000.
*994 Harry F. Connick, District Attorney, Susan Erlanger Talbot, Assistant District Attorney, New Orleans, Counsel for Plaintiff/Appellee.
Martin E. Regan, Jr., Regan & Associates, P.L.C., New Orleans, Counsel for Defendant/Appellant.
(Court composed of Chief Judge ROBERT J. KLEES, Judge DENNIS R. BAGNERIS, Sr., Judge MICHAEL E. KIRBY).
KIRBY, J.
The defendant, Michael Echols, was charged by bill of information on January 12, 1998 with possession of cocaine, a violation of La. R.S. 40:967. The defendant was arraigned on January 23, 1998 and pled not guilty. At the arraignment, the trial court ordered the defendant to take a drug test. On February 2, 1998, the defendant was again ordered to take a drug test, and was remanded to the custody of *995 the criminal sheriff, "due to positive drug testing."
On February 17, 1998, the defendant withdrew his not guilty plea and entered a plea of guilty as charged under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970.) The trial court advised defendant of his Boykin rights and asked if defendant was pleading guilty because he was guilty. The defendant indicated that he was not pleading guilty because he was guilty. However, he admitted that he was pleading guilty because it was in his best interest to do so, and he believed that if he proceeded to trial there was a likelihood that he would be found guilty of the charge. The court found a basis for accepting the guilty plea, found the defendant had knowingly, intelligently, freely, and voluntarily waived his constitutional rights, and accepted the guilty plea. The court sentenced the defendant to serve five years at hard labor, with credit for time served.
The State filed a multiple bill charging the defendant with being a third felony offender. The defendant admitted to having a felony conviction for possession of stolen property in June of 1988 and a conviction for crime against nature in 1989. The court found the defendant to be a third felony offender, vacated the original sentence and sentenced the defendant to serve five years at hard labor pursuant to La. R.S. 15:529.1.
The defendant subsequently filed a writ of habeas corpus in the United States District Court for the Eastern District of Louisiana complaining of ineffective assistance of counsel. The defendant averred that when he pled guilty to possession of cocaine, he "asked the judge for rehabilitation while in the custody of D.O.C." The defendant further alleged that the judge denied him the right to placement in a community rehabilitation program, and his attorney failed to argue the issue of his heavy drug use. The disposition of the federal court action is unknown. However, the defendant subsequently filed a motion for an out of time appeal, which was granted on December 2, 1998.

STATEMENT OF FACTS
As a factual basis for the defendant's guilty plea, the State represented that police officers came upon the defendant in the Vieux Carre smoking a glass crack pipe. The officers retrieved the pipe, which later tested positive for cocaine.

ERRORS PATENT
A review of the record for errors patent reveals none.

ASSIGNMENT OF ERROR NUMBER 1
In his first assignment of error, the defendant argues that the trial court erred in not advising him that the offense to which he pled could be used to enhance the penalty for any subsequent drug offense he might commit. In this assignment of error the defendant argues that the court failed to follow the mandate of La.C.Cr. P. art. 556.1 which provides in pertinent part:
Art. 556.1. Plea of guilty or nolo contendere in a criminal case; duty of court
* * * * * *
E. In any case where a subsequent offense carries an enhanced penalty, the court shall inform the defendant of the penalties for subsequent offenses.
Notwithstanding the fact that the defendant was convicted of possession of cocaine, the trial court failed to inform the defendant that La. R.S. 40:982, an enhancement statute, would apply if the defendant were convicted of another drug offense.
In the recent case of State v. Guzman, 99-1753, 99-1528, p. 4 (La.5/16/00), 769 So.2d 1158, our Supreme Court rejected a defendant's argument that a trial court's failure to comply with La.C.Cr.P. art. 556.1(E) prior to accepting a guilty plea is reversible error for the following reasons:
First, unlike requirements (1)-(4) contained in La.C.Cr.P. art. 556.1(A) which the judge is directed to give prior to *996 accepting a guilty plea, section (E) simply states that "[i]n any case where a subsequent offense carries an enhanced penalty, the court shall inform the defendant of the penalties for subsequent offenses." Therefore, advice regarding the penalties for subsequent offenses is not even required to be given before the plea is taken. Thus, in addition to the reasons stated below, under the plain language of La.C.Cr.P. art. 556.1, clearly the failure of a trial judge to advise the defendant of the penalties for subsequent offenses under La.C.Cr .P. art. 556.1(E) is not reversible error.
Second, Louisiana's Code of Criminal Procedure contains its own harmless error provision. Article 921 provides that "[a] judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused." La.C.Cr.P. art. 921. "This article sets forth the basic concept of appellate review and is the primary legislative mandate governing appeals." La.C.Cr.P. art. 921, Official Revision Comment (a). The Comments also provide that courts have complied with the spirit and intent of the law in applying La.C.Cr.P. art. 921 and its source provision, former La. R.S. 15:557, in that "[w]hen the trial irregularity obviously had no significant bearing upon the outcome, the supreme court has refused to reverse on a technicality." La. C.Cr.P. art. 921, Official Revision Comment(c). (Footnote omitted.)
Under Guzman, the trial court's failure to advise the defendant in this case that the offense to which he pled guilty could be used to enhance the penalty for any subsequent drug offense he might commit is not reversible error. As to whether this omission was harmless, we find that the defendant can show no prejudice. If he commits another possession of cocaine offense, he will be subject to a multiple bill as a fourth felony offender. If convicted, he could receive a sentence in the range of twenty years to life. For this reason, La. R.S. 40:982 will probably not be applied to a subsequent conviction, because its sentencing provisions are less severe than those for a fourth felony offender. Accordingly, any error that arises from the failure to inform the defendant of the provisions of La. R.S. 40:982 is harmless.

ASSIGNMENT OF ERROR NUMBER 2
In the second assignment of error, the defendant argues that the trial court erred in not determining what considerations were discussed in reaching the plea agreement.
He implies that a primary inducement for pleading guilty was a belief that he would receive drug treatment to help with his drug habit. He maintains that if the court had ascertained the substantive nature of the discussions surrounding the plea, the drug treatment recommendation that he allegedly sought could have been addressed. He avers that the court's failure to inquire as to whether there were promises "apart from a plea agreement" and/or to inquire about prior discussions with the district attorney concerning a plea violated La.C.Cr.P. art. 556.1(B) and (C) which provide:
B. In any criminal case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement, and that all constitutional and legal rights are knowingly and intelligently waived.
C. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the district attorney and the defendant or his attorney. If a plea agreement has been reached by the parties, the court, on the record, shall require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the *997 time the plea is offered. (Emphasis added.)
The defendant maintains that he was prejudiced by the court's failure to comply with these statutory provisions because compliance would have resulted in the court ascertaining that he had requested treatment for his drug problem during plea negotiations.
A review of the transcript reveals that the trial court did in fact comply with the provisions La.C.Cr.P. art. 556.1(B). The court specifically inquired as to whether the defendant had been promised anything in order to get him to plead guilty. The defendant replied in the negative, indicating that nothing had been promised to him in exchange for his plea. Further, the record shows that the trial court was made aware of the fact that prior discussions had taken place between the district attorney and the parties. The guilty plea form contains a handwritten notation that the defendant would be triple billed only. Further, at the time that the defendant's attorney announced that the defendant was withdrawing his not guilty pleas and tendering a plea of guilty, counsel voluntarily advised the court that in consideration of the plea, the State had agreed to only triple bill the defendant. Trial counsel did not indicate that the State had agreed to any other terms in consideration of the plea. In addition, the court also gave the defendant the opportunity to place anything else on the record prior to accepting the plea, and the defendant failed to do so. In light of the defendant's admission and defense counsel's representations, no reason existed for the court to inquire further about possible additional terms of any plea agreement in order to assure compliance with the provisions of La.C.Cr.P. art. 556.1(C). This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER 3
In the third assignment of error, the defendant argues that the trial court failed to comply with La.C.Cr.P. art. 930.8(C) which states: "At the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post conviction relief." For this reason, the defendant argues that his sentence must be vacated, and the case must be remanded for re-sentencing. Relying upon State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189, 1201, this court routinely holds that the language in La.C.Cr.P. article 930.8(C) is supplicatory language. Thus, the failure to inform a defendant of this time limitation for seeking post conviction relief does not bestow an enforceable right on an individual defendant. State v. Guy, 95-0899 (La.App. 4 Cir. 1/31/96), 669 So.2d 517, 526, writ denied, 96-0388 (La.9/13/96), 679 So.2d 102.
Accordingly, failure to comply with La. C.Cr.P. article 930.8(C) requires no action on the part of the appellate court. See State v. Guillard, 98-0504 (La.App. 4th Cir.4/7/99), 736 So.2d 273

ASSIGNMENT OF ERROR NUMBER 4
In his final assignment of error the defendant argues that counsel was ineffective for advising him to accept the plea agreement without advocating drug treatment for him.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729, 737 (La.1984); State v. Johnson, 557 So.2d 1030, 1033 (La.App. 4th Cir. 1990); State v. Reed, 483 So.2d 1278, 1280 (La.App. 4th Cir.1986). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issue on appeal. State v. Keelen, 95-0668 (La.App. 4th Cir.2/29/96), 670 So.2d 578, 581, writ denied, 96-0788 and 96-0856 (La.6/28/96), 675 So.2d 1119; State v. Seiss, 428 So.2d 444, 449 (La.1983).
The defendant's claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, *998 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119, 125 (La.1984). It must be shown that counsel's performance was deficient and that the deficiency prejudiced the defendant. State v. Lavigne, 95-0204 (La.App. 4th Cir.5/22/96), 675 So.2d 771, 780, writ denied, 96-1738 (La.1/10/97), 685 So.2d 140. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4th Cir.1992).
This record in this case discloses sufficient evidence to allow this court to rule on the merits of the ineffective assistance of counsel claim.
There is nothing in the record to show that the defendant ever indicated to the court or his attorney that an expectation that he would receive drug rehabilitation treatment while in prison was an inducement for his plea. Certainly, all the parties were on notice that the defendant had some type of drug problem as the defendant tested positive for drugs while in prison. However, the defendant cites no statute that requires the court to order drug rehabilitation services. If the trial court had desired to order that drug treatment be provided to the defendant, the court could have done so, even in the absence of a recommendation from counsel. However, the most that the trial court could do was recommend some sort of in-jail treatment. As a third felony offender, the defendant had to go to the Department of Corrections, and it is up to the Department of Corrections to determine the conditions of confinement.
Moreover, it does not appear that the defendant was eligible to participate in the community rehabilitation program provided for in La. R.S. 15:1133 because that statutory provision only allows a court to recommend drug rehabilitation services for a defendant who meets certain requirements. More specifically, La. R.S. 15:1133 provides in pertinent part:
§ 1133. Sentence to community rehabilitation centers
A. Notwithstanding any provision of law to the contrary, a court may order that an offender sentenced to not more than five years without hard labor be placed in a community rehabilitation center under terms and conditions established by the court, provided such placement receives the consent of the offender and the administrators in charge of the center....
B. (1) Notwithstanding any law to the contrary, a court may recommend that an offender sentenced to imprisonment at hard labor in the custody of the Department of Public Safety and Corrections be placed in a community rehabilitation center. Upon such a recommendation, the secretary of the Department of Public Safety and Corrections or his designee may place the offender in a community rehabilitation center provided the following conditions are met:
(a) The placement is recommended in a presentence investigation report.
(b) The offender agrees to the placement.
(c) The sentence to imprisonment at hard labor is for five years or less.

*999 (d) The offender has never been convicted of a sex-related offense.

(e) The offender has not exhibited and his record does not reveal an habitual or compulsive use of violence against persons. (Emphasis added)
Pursuant to the express terms of the aforementioned statute, a defendant convicted of a sex-related offense is not eligible to be placed in a community rehabilitation center. At the hearing on the multiple bill, the defendant admitted to having been previously convicted of crime against nature, a sex-related offense. Accordingly, he would not have been eligible for treatment at a community rehabilitation center. The failure to advise a defendant of something he is not entitled to does not constitute ineffective assistance of counsel.
The record contains no evidence to support a finding that a recommendation for drug treatment was discussed during plea negotiations or that the defendant was eligible for admission into a drug treatment program. Further, the duty to determine the conditions of confinement rests ultimately with the Department of Corrections. Accordingly, the fact that the trial court made no recommendation for the defendant to be placed in a drug treatment program does not establish that the defendant's counsel was ineffective. This assignment of error has no merit.
For the reasons stated above, the defendant's conviction and sentence are affirmed.
AFFIRMED.