Judge MICHAEL E. KIRBY.

I,STATEMENT OF CASE

On April 26, 2004, in case # 447-131 the State charged Harry Howard with two counts of possession of a dangerous weapon while in possession of a controlled dangerous substance, a violation of La. R.S. 14:95(E). Later, on May 3, 2004, the State filed a new bill of information in the instant case (# 447-947) charging the defendant in two separate counts[1] with second offense violations of La. R.S. 14:95(E). The defendant pled not guilty at his arraignment on May 24, 2004. On August 13, 2004, the trial judge denied the defendant’s Motion to Suppress Evidence and found probable cause to bind him over for trial.
Following a series of continuances requested by both the State and the defendant, the matter was set for trial on March 15, 2005. On that date, the defendant filed a Motion to Quash Bill of Information claiming that the State could not use a prior guilty plea[2] as a predicate to enhance the penalty for his present [ ^offenses because at the time he entered the plea he was not advised of enhancement provisions as mandated by La.C.Cr.P. art. 556.1(E).
The trial judge granted the motion on March 15, 2005, and quashed the bill of information. The State appeals that adverse ruling.

DISCUSSION

La. R.S. 14:95(E) provides “If the offender uses, possesses, or has under his immediate control any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, while committing or attempting to commit a crime of violence or while in the possession of or during the sale or distri *1037 bution of a controlled dangerous substance, the offender shall be fined not more than ten thousand dollars and imprisoned at hard labor for not less than five nor more than ten years without the benefit of probation, parole, or suspension of sentence. Upon a second or subsequent conviction, the offender shall be imprisoned at hard labor for not less than twenty years nor more than thirty years without the benefit of probation, parole, or suspension of sentence.”
In his Motion to Quash, the defendant relies upon La.C.Cr.P. art. 556.1(E), which sets forth the duty of the court to provide a defendant with certain information, including sentence enhancement provisions, during the taking of a guilty plea. The defendant does not argue that the prior plea is invalid, only that the State cannot use his plea as a predicate to enhance his sentences for the present offenses.
l3For the following reasons, we find that the trial judge erred in granting the Motion to Quash and so reverse the judgment appealed from and remand the case for further proceedings.
There is no dispute that the defendant’s plea colloquy makes no reference to possible use of that conviction for enhancement purposes as to future criminal convictions. However, the scope of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)[3] does not mandate that the trial judge advise the defendant that the guilty plea may later serve as a basis for enhancing the penalty for a subsequent conviction. See State v. Nuccio, 454 So.2d 93 (La.1984); State v. Guzman, 99-1528 (La.5/16/00), 769 So.2d 1158. Moreover, La.C.Cr.P. art. 556.1 did not become effective until August 15, 1997. In 1997, paragraph E of the codal provision read: “In any case where a subsequent offense carries an enhanced penalty, the court shall inform the defendant of the penalties for subsequent offenses.”[4] The defendant entered his guilty plea on February 6, 1997, approximately six months prior to the effective date of La.C.Cr.P. art. 556.1. State v. Demease, 33,047 (La.App. 2 Cir. 4/5/00), 756 So.2d 1264, writ denied, 00-1488 (La.5/25/01), 792 So.2d 750, has determined that La.C.Cr.P. art. 556.1 was inapplicable to guilty pleas to predicate offenses entered before the statute’s effective date.
In State v. Echols, 99-2226 (La.App. 4 Cir. 10/4/00), 774 So.2d 993 this Court, citing State v. Guzman, 99-1753 (La.05/16/00), 769 So.2d 1158, noted:
|4... unlike the requirements (l)-(4) contained in La.C.Cr.P. art. 556.1(A), section (E) simply states that ‘[i]n any case where a subsequent offense carries an enhanced penalty, the court shall inform the defendant of the penalties for subsequent offenses’. Therefore advice regarding the penalties for subsequent offenses is not even required to be given before the plea is taken.
Echols, 774 So.2d at 996.
In this case, the defendant does not argue that his guilty plea is invalid because *1038 of the omission of advice as to penalty enhancement. Even if he did, jurisprudence prior to the enactment of La.C.Cr.P. art. 556.1 indicates that the lack of advice and information to the defendant of enhanced penalties did not impact the volun-tariness of the plea to the charged offense. See State v. Green, 36,741 (La.App. 2 Cir. 3/5/03), 839 So.2d 970 unit denied 2003-0973 (La.11/7/03), 857 So.2d 517 citing State v. Myers, 503 So.2d 1085 (La.App. 2 Cir.1987). Nor does the defendant claim he would not have entered the plea had he been advised of enhancement provisions.
The plea colloquy in this case verifies that the defendant was represented by counsel and that the court informed him of his Boykin rights — the constitutional right against self-incrimination, his right to a judge or jury trial, his right to an appeal if he were convicted, his right to cross-examination of witnesses and compulsory process of witnesses. The court further advised the defendant of his right to competent counsel at trial and on appeal, and informed him that counsel would have been appointed for him if he were unable to afford an attorney. The judge asked the defendant whether the guilty plea was the result of force, threat, or intimidation, or whether he was entering the plea of his own free will, and whether he was entering the plea because he was, in fact, guilty of the crime(s) charged. The judge questioned the defendant concerning his satisfaction with his ^representation by his court-appointed attorney and his satisfaction with the way the court handled the matter.
Even if La.C.Cr.P. art. 556.1 were deemed applicable to the plea in this case, a finding of invalidity would not be automatic. Violations of La.C.Cr.P. art. 556.1, which do not rise to the level of a Boykin violation, are subject to harmless error review. Guzman, 769 So.2d at 1164-66.
Without the presentation of evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea, the trial court’s failure to advise the defendant in this case as to sentence enhancement provisions for subsequent drug offenses does not render the defendant’s plea invalid for use as a sentence-enhancing predicate.

CONCLUSION

Therefore, for the above reasons we reverse the judgment of the Court below quashing the bill of information and remand for further proceedings consistent herewith.
REVERSED AND REMANDED.

. Count one of the bill of information alleges that on April 18, 2003, Howard “possessed a dangerous weapon, to wit: a 9mm handgun, while in possession of a controlled dangerous substance, to wit: marijuana and crack cocaine, having previously been convicted of possessing a firearm while in possession of a controlled dangerous substance in case number 386-855 'L' of the Criminal District Court, Orleans Parish.” Count two alleges that on March 8, 2004, Howard, "possessed a dangerous weapon, to wit: an AK 47 assault rifle and a .45 caliber pistol, while in possession of a controlled dangerous substance, to wit: marijuana having previously been convicted of possessing a firearm while in possession of a controlled and dangerous substance in case number 386-855 'V of the Criminal District Court, Orleans Parish.”

. On February 6, 1997, Harry Howard pled guilty in two felony cases. In case # 387-336, he pled guilty to possession of heroin and was sentenced to five years, without benefit of probation, parole or suspension of sentence, with credit for time served. In case # 386-855 “L”, the defendant pled guilty to first offense violation of La. R.S. 14:95(E) and was sentenced to five years, without benefit of probation, parole, or suspension of sentence, with credit for time served. The sentences in both cases were ordered to be served concurrently, as well as to run concurrently with any sentence to be served on another case for which the defendant was on probation at the time of the guilty pleas.

. In Boykin, the United States Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury, and the right to confront one's accusers. Because a plea of guilty waives these fundamental rights of an accused, due process requires that the plea be a voluntary and intelligent waiver of known rights in order to be valid. Id. Louisiana has never extended the Boykin requirements to include advice with respect to sentencing. State v. Guzman, 99-1753 (La.05/16/00), 769 So.2d 1158.

. Paragraph E was amended in 2001 to provide a harmless error provision. Paragraph E now reads:
Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea.