BROWN, Chief Judge.
Lin the early morning hours of March 19, 2009, officers from both the Monroe Police Department and the Ouachita Parish Sheriffs Office were dispatched to the Liberty Village Apartments on Deloach Street in Monroe, Louisiana, in response to a shooting. Officers found a seriously wounded victim, Lee Cox, sitting inside an SUV. Cox told police that he was shot by his friend “Trey.” A few weeks later, the *480 suspect “Trey” was identified as defendant, Troy Watson. Defendant was arrested and charged with attempted second degree murder. Following a jury trial, defendant was convicted as charged. Thereafter, he was sentenced to 34 years imprisonment at hard labor without the benefit of parole, probation or suspension of sentence. Defendant appeals his sentence. His one assignment of error is that his sentence was excessive. We affirm.

Discussion

The victim, Lee Cox, was twenty-one years old. Cox was living with his sister-in-law, Quiana Jackson,[1] while he went to school to obtain his GED. Cox stated that he met defendant on his way home from school one day, approximately two months prior to the shooting. The two became friends and would see each other on a daily basis. On the evening of March 18, 2009, Cox and defendant were “hanging out” as usual. Some time after midnight, defendant asked Cox if he could use Ms. Jackson’s cell phone. Cox got the phone from Ms. Jackson and gave it to defendant so he could make some calls. About 15 to 20 minutes later, Cox asked defendant for the phone back so he could return it to Ms. Jackson. At that time, Cox stated |2that he felt “heat” on his neck, and he turned and began running home. As Cox ran, defendant chased him and shot at him. Cox had gunshot wounds to his chest, one of his thighs, his buttocks area, his back and one foot. Once he made it to the apartment, Cox stumbled in the door and kicked it shut. Cox told Ms. Jackson that he had been shot. Ms. Jackson went to the neighbor’s house to call 911 because the cell phone defendant had was their only phone. Ms. Jackson then carried Cox outside to her SUV. Once she got him inside the vehicle, the officers arrived.
Cox was transported to the hospital. He required extensive surgery and remained in the intensive care unit on a respirator in a coma for three weeks. In the meantime, Ms. Jackson helped police officers and Detective Mark Johnson locate “Trey,” who was identified as defendant, Troy Watson. Once Cox came out of the coma, Ms. Jackson contacted Det. Johnson, who brought a photograph of defendant to the hospital. Cox identified the person in the photo as the person who shot him. Ms. Jackson also identified the person in the photo as the person she knew as “Trey.”
Defendant was arrested and charged by bill of information with the attempted second degree murder of Lee Cox, a violation of La R.S. 14:30.1 and 14:27. Thereafter, a jury rendered a verdict of guilty as charged of attempted second degree murder.
The court ordered a PSI. Prior to the sentencing hearing, defense counsel filed a memorandum urging the court to be lenient with defendant because defendant was not the worst type of offender. Counsel also asked |3the court to consider defendant’s age. Defendant was 16 years old when he shot the victim.
The trial court reviewed the PSI which indicated that the instant conviction was defendant’s first adult felony conviction, noting, however, that defendant had a juvenile criminal record. The court also noted that there was an undue risk that defendant would commit another crime if given any type of probated sentence, and that defendant was in need of correctional treatment that could be provided most effectively by his commitment to an institution. The court further found that any lesser sentence than 34 years would deprecate the seriousness of the offense.
*481 The court noted several aggravating factors, including defendant’s conduct during the commission of the offense which created a risk of death or great bodily harm to more than one person and resulted in significant permanent injury and economic loss to the victim and his family. The court also indicated that it considered defendant’s age to be a mitigating factor.
The trial court noted defendant’s social history which indicated that defendant was born to unmarried parents and did not know his father’s name. Defendant completed the eighth grade, had never worked, was not married and had no children. He came to Monroe after he and his mother were displaced by Hurricane Katrina. The court was also aware of the probation officer’s comments about defendant, one of which was that “while his (defendant’s) years are young, his actions are those of a hardened criminal.” The court considered letters written by defendant wherein he continued to deny culpability for shooting Cox. The court also took into Raccount statements by the victim and his mother. According to the victim’s mother, her son still has nightmares, he suffers a great deal of pain, he is unable to work, and he fears retaliation for his testimony at trial.
Asserting that defendant’s sentence is excessive, defense counsel argues that the trial court ignored the mitigating factors in this case. Specifically, the court failed to consider that defendant is a troubled youth who grew up in an unfortunate environment. Defense counsel further urges that adequate punishment can be accomplished by a sentence of less than 34 years, which is an oppressive sentence for a young first-time felony offender.
Second degree murder is punishable by life imprisonment at hard labor. La. R.S. 14:30.1(B). The punishment for attempted second degree murder is imprisonment at hard labor for not less than 10 nor more than 50 years without benefit of parole, probation or suspension of sentence. La. R.S. 14:27(D)(l)(a).
A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.01/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La. App.2d Cir. 01/24/07),5 948 So.2d 379; State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. State v. Dunn, 30,767 (La.App.2d Cir.06/24/98), 715 So.2d 641; State v. Guzman, 99-1528, 99-1753 (La.05/16/00), 769 So.2d 1158. Absent a showing of manifest abuse of that discretion, the appellate court may not set aside a sentence as excessive. Id.
The sentencing range for the offense of conviction was 10 to 50 years. La. R.S. 14:27(D)(l)(a). The 34-year sentence imposed is 16 years less than the maximum the court could have imposed. The court, although it was inclined to impose the maximum sentence, did not do so due to defendant’s young age. The court felt, however, that any lesser sentence would deprecate the seriousness of defendant’s actions in “nearly taking the life of (the young victim) whose life will never be the same.” We find this sentence to be neither grossly disproportionate to the severi *482 ty of the offense nor shocking to the sense of justice.

Conclusion

Defendant’s conviction and sentence are AFFIRMED.

. By the time of trial, Cox’s brother and Ms. Jackson were married.