DREW, J.
11 Rebecca Holder entered a plea of guilty to one count of attempted possession of a firearm by a convicted felon. La. R.S. 14:95.1. She was sentenced to two years at hard labor without benefits. She now appeals the excessiveness of her sentence. We affirm the conviction and sentence.
FACTS
On March 16, 2010, defendant’s ex-husband complained that she stole his guns. A neighbor reported seeing defendant remove a gun case from the trunk of his car and wrap it in a blue towel.[1]
Defendant was initially charged with two counts of possession of a firearm by a convicted felon. Her previous conviction was for possession of methamphetamine. Upon her plea to the reduced charge, the second charge was dismissed. The trial court ordered a presentence investigation (“PSI”).
At the sentencing hearing, the trial court:
• reviewed the PSI, noting defendant’s educational and social history;
• considered the sentencing guidelines (La. C. Cr. P. art. 894.1);
• noted that the defendant was categorized by the Louisiana Department of Corrections as a second-felony offender;
• commented upon her pending felony drug charge in Bossier Parish;
• considered as mitigating factors that defendant’s mother passed away when defendant was young;
• noted defendant’s good work record; and
• noted that defendant suffered mental issues.
The trial court sentenced defendant to serve two years at hard labor without benefit of probation, parole or suspension of sentence, and | ¡.recommended that she be *243 allowed to participate in the most rigorous substance abuse program available.
Defendant’s motion to reconsider sentence was denied. The trial court recommended that she undertake in-house substance abuse treatment.
DISCUSSION
Defendant argues that a sentence of two years at hard labor, without benefits, is harsh and excessive for an educated person with a good employment history, who suffers from an addiction. The state responds that defendant benefited considerably by the reduction and dismissal of charges, and that this sentence is well within the sentencing range.
La. R.S. 14:95.1(B), as it read at the time of the crime, provided the penalty for possession of a firearm by a convicted felon, containing no specific requirements as to the appropriate sentencing range for an attempt:
Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.[2]
Accordingly, the sentencing parameters before us bear no minimum fine and no minimum period of imprisonment, as this case is controlled by | sthe general attempt provisions found in LA. R.S. 14:27(D)(2),[3] as it read at the time of this offense.
Our law pertaining to the review of ex-cessiveness is well settled.[4]
*244 Pursuant to La. R.S. 14:95.1(B) as well as La. R.S. 14:27(D)(3), defendant’s possible sentencing exposure for her conviction of attempted possession of a firearm by a convicted felon was zero to 7 ½ years at hard Llabor, without benefits. She was sentenced to two years at hard labor, without benefits.
This low-range sentence is appropriate. It is neither grossly disproportionate to the severity of the offense, abusively punitive, nor shocking to the sense of justice.
DECREE
The defendant’s conviction and sentence are AFFIRMED.

. Police officers recovered two firearms in defendant's backyard. The weapons were wrapped in blue jeans.

. La. R.S. 14:95.1(B) was later amended by Act 815 of 2010, effective August 15, 2010, which made two changes to this felon-in-possession statute:
• Increased the maximum sentence from 15 years to 20 years, without benefits; and
• Added a specific provision relative to the penalty for an attempt of this crime.
The 2010 amendment is irrelevant here, as this crime occurred in March of 2010.

. "La. R.S. 14:27 Whoever attempts to commit any crime shall be punished as follows:
[[Image here]]
D. (3) In all other cases, he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.

. An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267, writ denied, 2008-2697 (La.9/18/09), 17 So.3d 388. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir. 12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, the court must examine whether the sentence is too severe considering the circumstances of the case and the background of the defendant. A sentence violates La. *244 Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La. 1/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir. 1/24/07), 948 So.2d 379.
A trial court has broad discretion to sentence within the statutory limits. State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641; State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158. Absent a showing of manifest abuse of that discretion, the appellate court may not set aside a sentence as excessive. State v. Guzman, supra.