SEXTON, Judge Pro Tem.
liThe defendant, Dominic Banks, pled guilty to attempted first degree murder, a violation of La. R.S. 14:30 and 14:27. He was sentenced to 22 years at hard labor without benefit of probation, parole, or suspension of sentence. The defendant now appeals, arguing that his sentence is excessive. We affirm his conviction and sentence.
FACTS
On August 4, 2011, Officer George Nichols of the Shreveport Police Department was the courtesy officer at the Village Square Apartments. While walking around the apartment complex, he noticed a group of people standing together. He recognized all of them with the exception of one young man, who was subsequently identified as the defendant. When the officer asked him who he was visiting at the complex, the defendant responded that he was visiting his aunt and then began to run. The officer pursued him, and the defendant went through a hole in a fence. As the uniformed officer followed him through the hole, the defendant fired a gun at him from a distance of approximately 15 feet. Fortunately, Officer Nichols was not struck by the bullet. A .380 shell casing was recovered at the scene.
Several weeks later, while riding a bicycle, the defendant had another encounter with the police that resulted in him being pursued again. During the chase, the defendant jumped off the bicycle and threw down a backpack. Although the defendant eluded the officer, the backpack was retrieved, and a .380 caliber handgun was found in it.
^Subsequent testing determined that the weapon found in the defendant’s backpack fired the cartridge case recovered at the scene of the shooting. Additionally, Officer Nichols identified the 16-year-old defendant from a photo lineup as the person who shot at him.
The defendant was charged by bill of information with the attempted first degree murder of Officer Nichols. In February 2012, he pled guilty to the charge, admitting that he had, in fact, shot at the police officer. In March 2012, a sentencing hearing was held at which the state presented the testimony of Officer Nichols. Testifying on the defendant’s behalf were his stepfather, a cousin, and a close friend. The defendant also testified, requesting leniency. He stated that he found the loaded gun on a trail three days before the shooting. He also insisted that he did not fire directly at the officer, but rather to the right side of the officer.
In April 2012, the trial court sentenced the defendant to 22 years at hard labor without benefit of parole, probation, or suspension of sentence. The defendant filed a timely motion to reconsider sentence. The trial court denied the motion with written reasons.
The defendant appeals. In his sole assignment of error, he asserts that the sentence imposed by the trial court is grossly excessive under the facts and circumstances of this case, especially in light of his young age.
LAW
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or *255 mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Holder, 47,002 (La.App.2d Cir.2/29/12), 87 So.3d 241. The articulation of a factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Holder, supra. There is no requirement that specific matters be given any particular weight at sentencing. State v. Holder, supra.
 Second, the court must examine whether the sentence is too severe considering the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it |4shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Holder, supra.
A trial court has broad discretion to sentence within the statutory limits. State v. Guzman, 1999-1528, 1999-1753 (La.5/16/00), 769 So.2d 1158; State v. Holder, supra. Absent a showing of manifest abuse of that discretion, the appellate court may not set aside a sentence as excessive. State v. Guzman, supra.
The sentencing range for attempted first degree murder of a police officer is imprisonment at hard labor for not less than 20 nor more than 50 years without benefit of parole, probation, or suspension of sentence. La. R.S. 14:30 and 14:27(D)(l)(b).
DISCUSSION
The defendant argues that even though his sentence falls within the statutory limits, it still violates his constitutional right against excessive punishment. He claims that a sentence of 22 years at hard labor without benefits serves no useful purpose for him or for society. By the time he is released, he will be 39 years old, at which point it will be difficult for him to successfully reintegrate into society. He argues that we should look to the particulars of the crime and this defendant and find that the sentence imposed is excessive.
In opposition, the state maintains that the defendant’s sentence, which is only two years above the minimum mandatory sentence, is not grossly disproportionate to the severity of the crime. In support of its argument, the state cites State v. Watson, 46,380 (La.App.2d Cir.6/22/11), 71 So.3d 479, in which this court upheld a 34-year sentence imposed upon a 16-year-old offender for attempted second degree murder. In that case, the defendant borrowed a cell phone from the relative of a friend; when the friend requested the return of the phone, the defendant shot him several times, inflicting serious injuries. The defendant in Watson — like the defendant in the case before us — had a juvenile criminal record but the shooting was his first adult felony conviction.
*256 In the instant case, the defendant almost took the life of a uniformed police officer when he shot at him from a distance of only about 15 feet. When he discharged the gun, he also endangered the lives of other people who were nearby at the apartment complex.
In imposing sentence upon this defendant, the trial court gave great consideration to both aggravating and mitigating factors. The trial court specifically stated that he recognized that the defendant was only 17 years old at the time he was sentenced, and that the minimum mandatory sentence for the crime he committed exceeded the amount of time he had been alive. However, the trial court emphasized the serious nature of the defendant’s crime and noted the defendant’s apparent lack of remorse for his crime as demonstrated by his attempt to downplay his level of culpability. Additionally, the trial court considered the defendant’s extensive juvenile record, which involved approximately nine separate events, and the fact that he continued to engage in criminal behavior despite his juvenile adjudications and detentions.
| ^Clearly the trial court took the defendant’s young age into consideration when it imposed a sentence of only 22 years out of a possible term of 50 years. Although the court could have utilized its great discretion to impose a longer sentence, it specifically chose not to do so because of the defendant’s youth.
Based on the great amount of careful thought and consideration the trial court gave to the imposition of this particular sentence, we find that it is not grossly disproportionate to the severity of the offense. Nor is it shocking to the sense of justice.
This assignment is without merit.
CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.