# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-206

**STATE OF LOUISIANA**

**VERSUS**

**JOSHUA MARKELL JAMES**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 19-CR-0292
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**D. KENT SAVOIE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Van H. Kyzar, and Sharon Darville Wilson, Judges.

**AFFIRMED.**

**Hon. M. Bofill Duhe**
**District Attorney**
**Sixteenth Judicial District Court**
**W. Claire Howington**
**Assistant District Attorney**
**300 Iberia Street, #200**
**New Iberia, Louisiana 70560**
**(337) 369-4420**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**State of Louisiana**

**Richard Allen Spears**
**Attorney At Law**
**101 Taylor Street**
**New Iberia, Louisiana 70560**
**(337) 367-1960**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Joshua Markell James**

**SAVOIE, Judge.**

Defendant, Joshua Markell James, was charged by bill of information filed on March 8, 2019, with attempted second degree murder, a violation of La.R.S. 14:30.1 and 14:27, and criminal conspiracy to commit second degree murder, a violation of La.R.S. 14:30.1 and 14:26.

On November 17, 2020, Defendant pled guilty as charged. The trial court ordered a pre-sentence investigation (PSI) and a certified criminal history.

On August 9, 2022, the trial court held a sentencing hearing. The trial court sentenced Defendant to thirty-five years at hard labor on the charge of attempted second degree murder and twenty years at hard labor on the charge of conspiracy to commit second degree murder. Additionally, the trial court ordered the sentences to be served concurrently and gave Defendant credit for all time served from the date of arrest.

Although he did not orally object to the sentences when announced, Defendant filed a written motion to reconsider sentence as well as a motion for appeal on August 12, 2022. In his motion to reconsider sentence, Defendant claimed error in the trial court's unwillingness to consider his age in accordance with United States Supreme Court case, *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455 (2012). On August 19, 2022, the trial court denied Defendant's motion to reconsider sentence; however, the trial court granted the motion for appeal.

Defendant now appeals his sentence, arguing it is unconstitutionally excessive.[1]

For the following reasons, Defendant's sentence is affirmed.

---

[1] In the issues presented for review, Defendant only challenges the attempted second degree murder sentence.

## FACTS

Since this case resulted from a plea agreement, the facts in the record are not fully developed. However, the State set forth the following factual basis at the plea hearing:

> [O]n the date alleged in the Bill of Information, in Iberia Parish, Joshua Markell James along with Jaonne Augustine made a plan to ambush and kill Isaiah Scott. They had the specific intent to kill Isaiah Scott and armed themselves with high caliber weapons to do so. They laid in wait at a particular location for Isaiah Scott to walk by. When an individual who they thought was Isaiah Scott walked by, they both fired multiple times at the individual, striking that person on at least five occasions. That person turned out to be a juvenile with the initials K. K., date of birth 1/23/2002. By making the plans to kill Isaiah Scott and taking acts in furtherance of that conspiracy, they violated the conspiracy to commit second degree murder statute. And additionally, by actually shooting K. K., Jr., they committed an attempted second degree murder. Augustine was armed with a .223 AR-15 style rifle and the defendant, Joshua James, was armed with a Glock 9 millimeter.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by staff for errors patent on the face of the record. After reviewing the record, we find no errors patent present.

## DISCUSSION

In his sole assignment of error, Defendant contends the thirty-five-year sentence imposed by the trial court is unconstitutionally excessive. Specifically, Defendant alleges the trial court failed to apply the factors set forth in La.Code Crim.P. art. 894.1 and to appropriately tailor the sentence to Defendant for the crime of attempted second degree murder.[2]

---

[2]Louisiana Code of Criminal Procedure Article 894.1 sets forth both mitigating and aggravating factors the trial court should consider when imposing a sentence.

At the sentencing hearing, the State and defense counsel presented arguments before the trial court. The State noted several aggravating factors, including Defendant's violent character, deliberate cruelty to the victim, and pending criminal charges. In conclusion, the State argued that Defendant was a violent individual who needed to be removed from society and asked for the maximum sentence.

In opposition to the State's argument, defense counsel presented mitigating factors for consideration by the trial court. Defense counsel informed the court of Defendant's lack of criminal history. Defense counsel also stated that Defendant was a youthful offender who did not have a fully developed brain and, thus, could not appreciate his actions. Moreover, defense counsel contended Defendant did not act alone nor was there any reason to believe he had been the Alpha male or the leader of the pack. Defense counsel concluded his argument by asking the trial court to impose a lesser sentence for Defendant.

After the presentation of arguments, the trial court stated the following:

> ALL RIGHT. THE COURT HAS CONSIDERED THE FACTS OF THE CASE ESPECIALLY AND GIVE GREAT WEIGHT TO THE FACTS OF THE CASE. THIS CASE AND ALSO THE CASE THAT WAS DISMISSED BECAUSE AS MR. VINES HAS POINTED OUT, IT SHOWS A PROPENSITY TO VIOLENCE BY THIS INDIVIDUAL. HE OPENLY CONSPIRED AND PARTICIPATED IN ATTEMPTED MURDER OF AN INDIVIDUAL WHO HE HAD NO BEEF WITH. HE HAD NO DISPUTE WITH THIS INDIVIDUAL. THIS IS AN INNOCENT YOUNG MAN WALKING IN THE MIDDLE OF THE NIGHT AS THEY LAY IN WAIT FOR SOMEBODY ELSE, AND HE HAPPENED TO GET THE WRATH OF MR. JAMES AND MR. AUGUSTINE. ADDITIONALLY BECAUSE SOMEONE WAS TALKING ABOUT THE INCIDENT FOR WHICH HE PLEAD GUILTY, HIM AND MR. AUGUSTINE AGAIN AFTER SOME SHORT PERIOD OF TIME AFTER THAT LAY IN WAIT WITH DANGEROUS WEAPONS AGAIN, AND MR. AUGUSTINE ON THIS PARTICULAR OCCASION PULLED THE TRIGGER AND SHOT AND KILLED ANOTHER INDIVIDUAL. THAT MATTER

3

HAS BEEN DISMISSED CONCERNING MR. JAMES, BUT THE COURT HAS TO CONSIDER HIS DANGEROUS PROPENSITY IN DETERMINING THE PROPER SENTENCE.

THE COURT HAS CONSIDERED THE PROVISIONS OF ARTICLE 894.1 AND FIND [sic] THE FOLLOWING APPLICABLE: NUMBER ONE, THE DEFENDANT'S CONDUCT DURING THE COMMISSION OF THE OFFENSE MANIFESTED DELIBERATE CRUELTY TO THE VICTIM. SHOOTING SOMEBODY IS DELIBERATE CRUELTY. IT'S ALMOST THE ULTIMATE CRUELTY. NUMBER TWO, THE OFFENDER SHOULD HAVE KNOWN THAT THE VICTIM OF THE OFFENSE WAS PARTICULARLY VULNERABLE, OKAY? AND IT GOES ON TO SAY TO EXTREME YOUTH, ADVANCED AID, DISABILITY OR ILL HEALTH. WELL, THE YOUNG MAN WAS A JUVENILE, SO HE HAD EXTREME YOUTH. HE WAS PROBABLY A LITTLE BIT NAIVE, AND LYING IN WAIT FOR SOMEBODY, HIDING AND THEN AMBUSHING THEM IS DELIBERATE CRUELTY, AND THEY'RE VULNERABLE. PEOPLE DON'T EXPECT TO BE SHOT WALKING DOWN THE STREET. NUMBER THREE, LET'S SEE, THE NEXT ONE WOULD WILL BE THE OFFENDER KNOWINGLY CREATED A RISK OF DEATH -- NO, THAT'S NOT IT. THE OFFENDER USED THREATS OF OR ACTUAL VIOLENCE IN THE COMMISSION OF HIS OFFENSE. ATTEMPTED SECOND-DEGREE MURDER HAS TO HAVE ACTUAL VIOLENCE TOWARDS THE PERSON. SUBSEQUENT TO THE OFFENSE, THE OFFENDER USED OR CAUSED OTHERS TO USE VIOLENCE, FORCE, OR THREATS WITH THE INTENT TO INFLUENCE THE INSTITUTION, CONDUCT, OR OUTCOME OF THE CRIMINAL PROCEEDINGS. HE KILLED SOMEONE WHO WAS TALKING ABOUT THE MURDER WHO COULD'VE POSSIBLY BEEN A WITNESS, POSSIBLY A LEAD TO OTHER EVIDENCE THAT COULD HAVE BEEN USED IN THE PROSECUTION OF MR. JAMES. SO, YOU KNOW, THAT IS DEFINITELY APPLICABLE. THE OFFENSE RESULTED IN A SIGNIFICANT PERMANENT INJURY OR SIGNIFICANT ECONOMIC LOSS TO THE VICTIM OR HIS FAMILY. THE VICTIM IN THE FIRST CASE THAT MR. JAMES PARTICIPATED AND ACTIVELY [] SHOT THE VICTIM; HE GOT SHOT FIVE TIMES. ANYONE WHO GETS SHOT FIVE TIMES AND SURVIVES IS GOING TO HAVE SOME SIGNIFICANT INJURIES AND LONG-LASTING EFFECTS FROM THE SHOOTER. HE USED A DANGEROUS WEAPON IN THE COMMISSION OF THE OFFENSE. THE OFFENSE INVOLVED MULTIPLE VICTIMS AND INCIDENTS WHERE SEPARATE SENTENCES HAVE NOT BEEN IMPOSED. HE GOT THE BENEFIT OF GETTING A CHARGE DISMISSED AS A

RESULT OF HIS CONFESSION AT THE SCENE AND OTHER THINGS AND AS A RESULT OF THIS PLEA AGREEMENT.

YOU KNOW, I FIND VERY LITTLE OTHER THAN HIS YOUTH THAT IS BENEFICIAL TO THE DEFENDANT AND HIS LACK OF A PREVIOUS CRIMINAL HISTORY. THOSE TWO THINGS OPERATE IN HIS FAVOR, AND THAT'S PROBABLY THE ONLY REASON I'M NOT GIVING HIM THE MAXIMUM SENTENCE IN THIS PARTICULAR CASE BECAUSE THE COURSE OF THAT ACTIVITY IS SERIOUS, AND I FIND THAT THERE IS AN UNDUE RISK THAT DURING THE PERIOD OF A SUSPENDED SENTENCE ON PROBATION THE DEFENDANT WILL COMMIT ANOTHER CRIME, THAT THE DEFENDANT IS IN NEED OF CORRECTIONAL TREATMENT OR A CUSTODIAL ENVIRONMENT THAT CAN BE PROVIDED MOST EFFECTIVELY BY HIS COMMITMENT TO AN INSTITUTION, AND A LESSER SENTENCE WILL DEPRECATE THE SERIOUSNESS OF THE DEFENDANT'S CRIME.

The judge subsequently sentenced Defendant to thirty-five years at hard labor for the crime of attempted second degree murder and twenty years at hard labor for the crime of conspiracy to commit second degree murder. The trial court also ordered the sentences to run concurrently.

After the trial court announced the sentences, defense counsel raised an objection to the trial court's use of La.Code Crim.P. art. 894.1. According to defense counsel, the trial court did not properly apply La.Code Crim.P. art. 894.1 when the court considered the benefit Defendant received from having his other case dismissed. The trial court explained to defense counsel that the court had the authority to consider any arrest records or facts of previous criminal activity when sentencing a defendant. Defense counsel did not raise the issue in his motion to reconsider or in his brief to this court.

Regarding Defendant's motion to reconsider, Louisiana Code of Criminal Procedure Article 881.1 provides the mechanism for preserving the review of a sentence by motion to reconsider sentence:

A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.

. . . .

E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

In his motion to reconsider sentence, Defendant asserted that he "[sought] reconsideration based on the Court's unwillingness to consider his age in accordance with the holding of the United States Supreme Court in *Miller v. Alabama*."[3] However, in brief to this court, Defendant contends the trial court failed to consider his age, Defendant's immediate confession, his acceptance of responsibility, and his lack of criminal history. In accordance with La.Code Crim.P. art. 881.1, Defendant is precluded from raising those arguments not made in the motion to reconsider. Therefore, we will review Defendant's claim of excessiveness only as it relates to his age.

Louisiana courts have laid out the following guidelines regarding excessive sentence review:

Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042–43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:

La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court

---

[3]*Miller* dealt with mandatory life imprisonment without parole for juvenile homicide offenders, and Defendant was eighteen, the age of majority, at the time he committed the offenses.

6

must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99–433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958.

*State v. Soileau*, 13-770, pp. 4–5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005–06 (alteration in original), *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

Defendant pled guilty to attempted second degree murder. An attempted second degree murder occurs when an offender has the specific intent to kill and commits an overt act to accomplish his objective. La.R.S. 14:27(A); 14:30.1(A)(1).

7

Lying in wait with a dangerous weapon constitutes an attempt. La.R.S. 14:27(B)(1). Attempted second degree murder requires at least ten years but at most fifty years of imprisonment. La.R.S. 14:27(D)(1)(a). Thus, Defendant received a sentence that was fifteen years less than the maximum.

As noted in the sentencing transcript, the trial court considered Defendant's age and lack of criminal history as well as the seriousness of the offense and Defendant's propensity for violence prior to imposing the thirty-five-year sentence.

Jurisprudence reflects the court's affirmation of similar sentences for youthful offenders. In *State v. Watson*, 46,380 (La.App. 2 Cir. 6/22/11), 71 So.3d 479, the second circuit upheld a thirty-four-year sentence for attempted second degree murder. The sixteen-year-old defendant shot the victim in the chest, thighs, buttocks, back, and foot. The gunshot wounds nearly took the victim's life, and he sustained life-long injuries. The trial court imposed the thirty-four-year sentence and reasoned that any lesser sentence would depreciate the seriousness of the offense. The defendant appealed, claiming it was excessive due to his age and lack of adult criminal record. The appellate court affirmed the trial court's sentence because although the defendant was sixteen at the time of the offense, he had a juvenile record and changed the victim's life forever.

In *State v. Owens*, 606 So.2d 876 (La.App. 2 Cir. 1992), the second circuit affirmed a defendant's thirty-year sentence for attempted second degree murder. The twenty-five-year-old defendant fired multiple shots in a crowded bar. Before imposing the thirty-year sentence, the trial court accounted for defendant's age and status as a first offender. However, the trial court emphasized the seriousness of the offense. The defendant appealed and claimed his sentence was excessive. The

appellate court affirmed the sentence because of the defendant's character and the serious nature of the offense.

In *State v. Sampy*, 07-1059 (La.App. 3 Cir. 3/5/08), 978 So.2d 553, *writ denied*, 08-845 (La. 11/10/08), 996 So.2d 1066, this court upheld a thirty-year sentence for attempted second degree murder. The defendant fired several shots toward the victims. Fortunately, the victims survived their injuries. Although the trial court considered the defendant's youth and lack of criminal history, the court imposed the thirty-year sentence due to the severity of the injuries suffered by the victims and the possibility of the victims succumbing to their injuries. The defendant appealed and claimed her sentence was excessive. This court upheld the sentence because the victims posed no threat to the defendant.

Here, Defendant and a co-conspirator planned to kill Isiah Scott. They laid in wait for him one night while armed with their guns. When they believed they had spotted Mr. Scott walking by, they fired multiple shots. To their surprise, the victim was not Mr. Scott; he was a juvenile that sustained injuries due to their violence. Even though Defendant contends his thirty-five-year sentence is excessive due to his age, this court has previously recognized in *State v. Miller*, 12-1401 (La.App. 3 Cir. 6/5/13), 114 So.3d 670, that youth alone does not justify the imposition of a lesser sentence.

In the present case, the trial court clearly considered Defendant's youthful age as a factor when imposing the sentence. As previously mentioned, Defendant faced imprisonment for up to fifty years for the crime, but he received a thirty-five-year sentence. Likewise, Defendant benefited from the plea agreement, which dismissed his additional charges. Based on the facts of this case, we cannot find

that the trial court abused its discretion in imposing the thirty-five-year sentence for Defendant's conviction of attempted second degree murder.

For these reasons, Defendant's assignment of error lacks merit.

## DECREE

Defendant's sentence is affirmed.

**AFFIRMED.**